No. 24687.

Rose Marie Miller v. Industrial Commission of Colo-
rado (Ex-officio Unemployment Compensation Com-
mission of Colorado) and Dow Chemical Co., a
Delaware corporation.
(480 P.2d 565)

Decided February 8, 1971.

George J. Cerrone, Jr., Charles A. Beck, for petitioner.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Harris, Assistant, for respondent Industrial Commission of Colorado (Ex-officio Unemployment Compensation Commission of Colorado).

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

Rose Marie Miller (herein referred to as claimant) filed her claim for unemployment compensation benefits with the department of employment pursuant to the Colorado Employment Security Act, C.R.S. 1963, 82-1-1, *et seq.* The claim was referred to a deputy of the division of employment for processing, who determined the claimant was entitled to a Special Award as provided in 1965 Perm. Supp., C.R.S. 1963, 82-4-8(8)(f), concerning awards to workers who are separated from a job because of pregnancy. Under this statute providing for a Special Award, payment of benefits is deferred until the worker "* * * has worked for thirteen weeks subsequent to the termination of her pregnancy in full-time employment in Colorado or in full-time employment outside Colorado which was covered by an employment insurance law, or a combination thereof which totals thirteen full weeks; then full award if otherwise eligible and has wage credits remaining."

Being dissatisfied with the decision of the deputy, claimant filed an appeal from his decision and an evidentiary hearing was held before a referee of the department. The referee made findings of fact and conclusions of law,

affirming the decision of the deputy. From this determination claimant filed her further appeal with the Industrial Commission of Colorado serving ex officio as the Unemployment Compensation Commission. The Commission affirmed the decision of the referee. Petition for review was denied and claimant then sought review in the Court of Appeals as provided in 1969 Perm. Supp., C.R.S. 1963, 82-5-11. This Court assumed jurisdiction under C.A.R. 50.

The facts concerning claimant's employment are undisputed and the question here involved relates to the proper application of the statutory provisions of the act. Claimant commenced her employment at Dow Chemical Co. on April 12, 1967, where she worked as an accounting clerk. When she was approximately six months pregnant her physician advised her that because the location of her work involved the use of stairs in an underground working area she should take a leave of absence, to which her employer agreed. She was granted a maternity leave of absence commencing March 24, 1969. Her confinement did not occur until June 23 and her leave was extended until August 18. It was extended a second time to September 29. She was medically released to return to work October 1, 1969.

Claimant, in anticipation of returning to work, called Dow and was advised there was no job open for her. Dow's employment manager testified that when an employee takes a leave of absence the company does not guarantee the job unless some particular skill is involved, which factor was not present here; however, the company attempts to place one who is absent on leave in his old job or a similar job if one is available. In this case claimant's job had been filled because of the extended period of leave, and there was no opening for her.

On October 10, 1969, she filed her claim for unemployment benefits, in which she indicated by way of explanation that the reason she was no longer employed

by Dow was that after she completed her maternity leave her regular job was no longer open to her. After an examination of her claim, an award of $1,112.65, payable $57 per week, was made to claimant under the Special Award section of the statute, payments to commence after claimant has reentered the labor market and completed thirteen weeks of full-time employment as provided by 1965 Perm. Supp., C.R.S. 1963, 82-4-8 (8) (f).

Claimant's contentions for reversal are essentially two: first, that the Commission erred in applying the Special Award section to the facts of this case, whereas the properly applicable section of the statute is 1965 Perm. Supp., C.R.S. 1963, 82-4-8 (4), which concerns Full Awards; and, second, that the Special Award section relating to pregnancy is unconstitutional as it unreasonably discriminates against women workers depriving them of equal protection of the law and due process of law. We do not agree with either of the contentions, and therefore affirm the order of the Commission.

I.

Claimant first argues that she was not separated from her job because of pregnancy but rather because there was no work available to her when she offered to return to work after the expiration of her maternity leave. The realities of the situation are that claimant would not have ceased working and her job would not have been filled by another person had she not become pregnant and requested her maternity leave. No claim for unemployment benefits would have been made but for her pregnancy which was the effective cause of the separation. She requested leave upon advice of her physician, which was agreed to by her employer, but subject to the company policy that her job would not be guaranteed to her upon termination of her leave. Under these circumstances her contention that she was entitled to a Full Award under any of the conditions set forth in section 82-4-8 (4) is to disregard the specific

provisions of that section. She was not laid off for lack of work, nor for any condition of health, injury or illness, nor for any of the other conditions specified therein for which a Full Award could be made.

█ The statute commands that under circumstances such as exist in this case a determination of benefits shall be made pursuant to section 82-4-8(8)(f), which provides:

"(f)(i) Notwithstanding other provisions of this subsection, awards to workers who are separated from a job *because of pregnancy shall be made* in accordance with the provisions of this paragraph. (Emphasis added.)

\* \* \*

"(iii) If voluntarily separated for reason of her pregnancy, such worker shall not be entitled to benefits prior to the termination of her pregnancy.

\* \* \*

"(v) If she is not the sole support of her child, children, or invalid husband, no award until she has re-entered the labor market and has worked for thirteen weeks subsequent to the termination of her pregnancy in full-time employment in Colorado or in full-time employment outside Colorado which was covered by an unemployment insurance law, or a combination thereof which totals thirteen full weeks; then full award if otherwise eligible and has wage credits remaining."

It is apparent here that claimant voluntarily separated because of her pregnancy and therefore was entitled only to a Special Award payable to her after she reentered the labor market and worked thirteen weeks in full-time employment.

We note that the determination was made by the referee, and affirmed by the Commission, that subsection (f)(ii) was applicable, which relates to involuntary termination according to a reasonable rule of the employer providing for separation of pregnant workers. There is no evidence in the record that Dow had adopted any such rule applicable to pregnant workers, and we

do not equate the particular agreement for leave in the present case to a reasonable rule applicable to all pregnant workers. However, the result reached by the referee, and affirmed by the Commission, was the correct result consistent with the provisions pointed out above which are applicable in this case.

██ Claimant further argues that she did not make claim for special award benefits but rather for full award benefits, and it was therefore error to grant her a Special Award. We find no merit to this contention. The record indicates her claim was filed for "* * * benefits under the Colorado Employment Security Act * * *" and not any particular kind of benefits. Furthermore, the administrative duty of the deputy is to examine the claim, determine its validity and make an award of appropriate benefits, which was done in this case.

## II.

██ This Court has upheld the constitutionality of the Colorado Employment Security Act from charges of unconstitutionality from the standpoint of the employer in *Bayly Co. v. Dept. of Employ't*, 155 Colo. 433, 395 P.2d 216; *Donnell v. Ind. Comm.*, 149 Colo. 228, 368 P.2d 777; and *Cottrell v. Teets*, 139 Colo. 558, 342 P.2d 1016. Here, the charge of unconstitutionality is asserted by the employee and is predicated upon a supposed unreasonable discrimination against women workers who have become separated from their jobs by reason of pregnancy. We note initially that the establishment of reasonable classifications of workers, the grounds upon which compensation may be awarded, the standards of eligibility and disqualification, and the formulae by which distributions are to be made are all matters within the sound discretion of the legislature. *Carmichael v. Southern Coal Co.*, 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245; *W. H. H. Chamberlin, Inc. v. Andrews*, 159 Misc. 124, 286 N.Y.S. 242; *Unemployment Compensation Commission v. City Ice & Coal Co.*, 216 N.C. 6, 3 S.E.2d 290.

██ It is argued that pregnant women are treated

differently than other workers by imposing more burden-some qualifications on them for unemployment benefits than are imposed upon other workers. In our view an examination of the statute does not support this asser-tion of unreasonable discrimination. We note that, with the exception of the pregnant worker situation provided for in 1965 Perm. Supp., C.R.S. 1963, 82-4-8(8)(f), the act treats men and women workers the same for purposes of eligibility and qualification for unemployment bene-fits, be it a Full Award, a Fifty Percent Award, an Op-tional Award, a Special Award or No Award. It is only where the woman worker has become pregnant that she is treated differently — placed in a separate classifi-cation — from other men and women workers. Such a classification founded on the special consideration of pregnancy cannot be said to be unreasonable and there-fore unconstitutional in light of the disability caused by a condition of pregnancy in relation to her employment responsibilities. *Alabama Mills, Inc. v. Carnley*, 35 Ala. App. 46, 44 So.2d 622, 14 A.L.R.2d 1301. Such a classifi-cation is not based upon sex alone, as suggested by claimant's argument, which classification then might be subject to a valid criticism of unreasonableness. *Quong Wing v. Kirkendall*, 223 U.S. 59, 32 S.Ct. 192, 56 L.Ed. 350; *Anderson v. City of St. Paul*, 226 Minn. 186, 32 N.W.2d 538; 16 Am. Jur. *Constitutional Law* § 514.

█ It is suggested that in this case the postponement of payment of Special Award benefits until after the reentry into the labor market and completion of thirteen full weeks work is an improper, unreasonable discrim-ination when compared to lesser requirements imposed on other separated workers who, for example, may be eligible for a Full Award of benefits after only one week's unemployment, assuming they are otherwise eli-gible and qualified. In presenting this argument the claimant has totally ignored the expressed statutory intent and scheme for payment of benefits which is related to a multitude of different conditions under which

a separation may be effected. The legislature has specifically spelled out the general policy and intent as follows:

"Benefit awards.— (1) In the granting of benefit awards, it is the intent of the general assembly that the department, at all times, be guided by the tenet *that unemployment insurance is for the benefit of persons unemployed through no fault of their own;* and that each eligible individual who is unemployed through no fault of his own, shall be entitled to receive benefits; and that every person has the right to leave any job for any reason, but that *the circumstances of his separation shall be considered in determining the amount of benefits he may draw;* and that certain acts of individuals are the direct and proximate cause of their unemployment and such acts may result in such individuals receiving fifty per cent of full award, a special award, an optional award, or no award." 1965 Perm. Supp., C.R.S. 1963, 82-4-8. (Emphasis added.)

The act then provides for various types of awards which are available under particular conditions of separation. For example, the worker who quits under specific circumstances considered statutorily without justification as set forth in section 82-4-8(6) is entitled to No Award of employment benefits and forfeits all benefits accrued under the act. As a further example, the worker who is separated under the conditions specified in section 82-4-8(5) will receive only a Fifty Percent of Full Award.

█ In view of the general policy and intent of the statute, we find no unconstitutional denial of equal protection of the law by reason of such classifications which we consider to be reasonable, based on proper and justifiable distinctions, and particularly so as concerns the pregnant worker classification. *Champlin Co. v. Cruse,* 115 Colo. 329, 173 P.2d 213; *Zeigler v. People,* 109 Colo. 252, 124 P.2d 593. And we find no violation of the guiding principle of the constitutional guarantee of equal pro-

tection, that all persons shall be treated alike under like circumstances and conditions. Here, it has not been demonstrated by claimant that she has been treated differently from other pregnant workers who may be subject to separation under the same circumstances and conditions.

Although claimant also suggests the act denies her due process of law, she has failed to specify in what particular, if any, this constitutional right has been infringed. From our examination of the statute and its application to her, we find no such denial.

The order is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY dissenting.