482 P.2d 403 (1971)
Raymond William ANDERSON, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado and Ace Disposal Service Co., Inc., Respondents.
No. 70-448.
Colorado Court of Appeals, Div. I.
March 2, 1971.
*404 William M. Cohen and Lawrence W. Treece, Legal Aid and Defender Program, Boulder, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for Industrial Commission of Colorado.
Selected for Official Publication.
ENOCH, Judge.
This is an unemployment compensation case. Petitioner was employed from July 21, 1969, to October 17, 1969, by the Ace Disposal Service Co. as a trash collector on one of its trucks. Petitioner quit this job on Friday, October 17, 1969, to accept an offer of a construction job to begin on the following Monday. Upon reporting for work at the construction job on Monday, he was told that certain materials necessary for the job had not arrived and that the project was temporarily postponed. The materials arrived on November 17th and Petitioner was employed from that date until the project was completed on or about January 20, 1970. Petitioner submitted a claim for unemployment compensation on January 29, 1970. As a part of his application, Petitioner filled out a "Department of Employment, Better Job Questionnaire" in which he alleged, inter alia, that he was a construction worker and that he left the trash collector job to accept a better paying job in the construction business. He further stated that his first day on the new construction job was November 17, 1969, that his last day was January 15, 1970 and that he was hired for a specific period of time, namely two months.
*405 Petitioner's claim for unemployment compensation was denied by a deputy of the Division of Employment, based on Ace Disposal's protest that Petitioner was fired for drinking on the job. Petitioner emphatically denied that he was fired and reiterated his position that he quit the job to take the new construction job. Thereafter, a hearing was held on April 27, 1970, before a referee from the Division of Employment who affirmed the deputy's denial of compensation. However, the referee based his affirmance on 1965 Perm. Supp., C.R.S. 1963, 82-4-8(6) (b)(vii), which provides that benefits may be denied an employee who quits to accept other employment which cannot be construed to be a better job. Petitioner duly appealed the referee's decision to the Industrial Commission, which in turn affirmed it. Petitioner now seeks review of the Industrial Commission's order affirming the denial of benefits.
The principal issue on appeal is the allegation that Petitioner was not given notice of the issues to be heard at the hearing before the referee. The notice sent to Petitioner in advance of the hearing stated: "You are advised that the referee is not bound by the findings or decision of the deputy and that the hearing is in the nature of a trial on all relevant issues." (Emphasis added) Petitioner asserts that he should have been advised that the "better job" conditions of 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4) (g) would be an issue. He claims that, by not having been so advised, he was prepared to address himself only to the erroneous basis for denying the claim relied on by the deputy, i.e., drinking on the job.
We do not agree with this assertion.
"An appeal in an unemployment compensation case removes the claim in its entirety, and the hearing is, in effect, a trial de novo. The administrative appellate tribunal may consider all matters at issue regardless of the ground or basis of the appeal, and an appellant cannot limit the scope of the appeal by a provision in his notice of appeal." (Emphasis added)
81 C.J.S. Social Security and Public Welfare § 225; Charles Headwear, Inc. v. Board of Review, 11 N.J.Super. 321, 78 A.2d 306; Boynton Cab Co. v. Giese, 237 Wis. 237, 296 N.W. 630; Jacobs v. Office of Unemployment Compensation and Placement, 27 Wash.2d 641, 179 P.2d 707. The Petitioner was given an opportunity to present his claim de novo at the hearing before the referee. The notice sent to Petitioner apprised him of that fact. Its declaration that all relevant issues would be considered was clear. It cannot be expected that such notice enumerated with particularity all possible relevant issues. To do so would be to expect the impossible. The Division had no way of knowing in advance that the hearing would produce evidence which unequivocally established the "better job" requirement as a relevant issue.
The hearing before the referee clearly established that Petitioner left his job of his own accord to take a different job which he deemed a better job. However, it is not Petitioner's qualitative judgment which determines whether the new job was a better job. 1969 Perm. Supp., C.R.S. 1963, 82-4-8(4) (g) sets forth various requirements which must be met. Subsection (ii) thereof provides that no job shall be considered better unless:
"(ii) It does not have a definite termination date of less than one year and it lasts at least ninety calendar days from the first date of employment on the job accepted unless sooner terminated under conditions of which, in the judgment of the division, the worker had no knowledge at the time he accepted the job and over which he had no control, but a job shall not be considered better it it lasts less than ninety days due to a lack of work, the absence of said knowledge and control notwithstanding."
In his original "Better Job Questionnaire", Petitioner stated he was hired for a specific period of two months, hence, the one year requirement was not met. *406 Furthermore, the job in fact lasted only two months, therefore, the three months requirement was also not met. Consequently, there was undisputed evidence before the referee which conclusively established that Petitioner was not entitled to unemployment compensation under the statute.
The order of the Industrial Commission is affirmed.
COYTE and DWYER, JJ., concur.