## No. 26345

## The People of the State of Colorado v. James Willson
(528 P.2d 1315)

Decided December 9, 1974.

142

John P. Moore, Attorney General, John E. Bush, Deputy, Eugene F. Megyesy, Jr., Assistant, Chris J. Eliopulos, Assistant, for plaintiff-appellee.

Wayne C. Hodson, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Willson was found guilty of violating a regulation promulgated by the Department of Revenue under the provisions of the Liquor Code (C.R.S. 1963, 75-2-1 *et seq.*). His conviction in the El Paso County Court was affirmed on appeal to the district court of El Paso County. We granted certiorari to consider the defendant's contention that the courts below erred in finding that the Department of Revenue had the power under the Liquor Code

to promulgate the regulation because it amounted to an unconstitutional delegation of legislative power. This argument is without merit, and the judgment is therefore affirmed.

On February 1, 1972, the Department of Revenue promulgated Regulation 19D, which provides in part:

"No licensee, manager or agent shall employ or permit upon any liquor licensed on-sale premises, any employee, waiter, waitress, entertainer, host or hostess to mingle with patrons and personally beg, procure, or solicit the purchase or sale of drinks or beverages for the use of the one begging, procuring or soliciting or for the use of any other employee."

The penalty for violation of this regulation is provided in C.R.S. 1963, 75-2-28. *See also,* 1967 Perm. Supp., C.R.S. 1963, 75-2-11.

We note at this point the decision of our Court of Appeals in *4-D Brothers, Inc. v. Heckers,* 33 Colo. App. 421, 522 P.2d 749 (1974), which upheld the validity of Regulation 19D against the challenge that as applied in that case, it was not reasonably related to a valid exercise of the police power. The rationale of that opinion is of significance in the case at bar.

Defendant was convicted in the county court of violating Regulation 19D. The evidence presented at trial amply demonstrated that defendant, as owner of a bar, instructed his employees to solicit customers to purchase drinks for the employees to consume.

This court has frequently reiterated the general rule of law that the legislature may not delegate the power to make or define a law, but it may delegate the power to determine the applicable facts and situations to which the law applies. This rule, essentially derived from the classic decision of *Field v. Clark,* 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892) has been applied in numerous Colorado decisions. *See People ex rel. Dunbar v. Giordano,* 173 Colo. 567, 481 P.2d 415 (1971), and cases cited therein. In *Swisher v. Brown,* 157 Colo. 378, 388, 402 P.2d 621, 626 (1965), the following statement of law, which is wholly applicable here, was made:

"The constitutional question raised is whether, in delegating such authority, the legislature completed its job of making the law by

establishing a definite plan or framework for the law's operation. The legislature does not abdicate its function when it describes what job must be done, who must do it, and the scope of his authority. In our complex economy, that indeed is frequently the only way in which the legislative process can go forward.''

C.R.S. 1963, 75-2-6 authorizes the Department of Revenue to make the regulations necessary for the proper regulation and control of the sale of alcohol. That section further provides that such regulations may cover ''practices unduly designed to increase the consumption of alcoholic beverages.'' Furthermore, C.R.S. 1963, 75-2-22 specifically provides that

''Restaurants may sell spirituous liquors by the drink *only to customers* for consumption on the premises . . .'' (Emphasis added.)

Analysis of the legislative scheme of the Liquor Code indicates that the regulation in question is clearly within the power delegated to the Department of Revenue. Indeed, the regulation as promulgated is a proper exercise of the authority delegated and outlined in the legislative mandate, which specifies a definite plan for the enforcement of the Liquor Code, and the framework under which licensees are to operate their premises.

Judgment affirmed.

MR. JUSTICE DAY dissents.