568 P.2d 108 (1977)
Linda M. MICHALS, Petitioner-Appellant,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), and Public Service Company of Colorado, Respondents-Appellees.
No. 77-144.
Colorado Court of Appeals, Div. II.
August 18, 1977.
*109 Edward M. Bendelow, Ronald L. McCowan, Denver, for petitioner-appellant.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
Kelly, Stansfield & O'Donnell, Robert F. Thompson, Denver, for respondent Public Service Co. of Colorado.
ENOCH, Judge.
Linda M. Michals petitions for review of an award of the Industrial Commission (ex-officio Unemployment Compensation Commission) granting her 50% of full unemployment compensation benefits. We affirm.
*110 Petitioner was absent from work starting March 18, 1976, as a result of medical problems. On this date, she called her supervisor and advised him that she was hospitalized. She subsequently contacted him on March 26, 1976, and informed him that she would have to undergo surgery, which surgery was performed on March 29. On April 2, the supervisor received a memo from the company physician which indicated that he had been informed by petitioner's private physician that she would be unable to return to work until further notice. No further medical reports were received by the employer.
On April 6, petitioner contacted the company physician and requested permission to change to another private doctor. This permission, which was required under the company medical program, was granted. Petitioner had no other contact with the employer except to mail some medical bills on June 1 to the company doctor for his payment approval, and in late June to inquire of the company doctor about long term disability.
Petitioner had originally anticipated that she would have to undergo this surgery in 1975 and in conversations with her supervisor at that time she had indicated she would be away from work for six to eight weeks after surgery. Because of these prior conversations, petitioner's supervisor expected her to be absent for this period of time after she in fact underwent surgery on March 29, 1976. However, after this time had passed he attempted to contact petitioner on several occasions but was unable to speak to her personally and, though he requested that she return his calls, he received no response. On June 28, 1976, the employer sent petitioner a letter notifying her that she was being terminated because of failure to keep her supervisor informed of her status relevant to returning to work.
The referee made the following finding:
Testimony establishes that the claimant had an extended period of illness which contributed to excessive absenteeism and tardiness. Then through poor communications between the claimant and the employer as to her health, and also between the different levels of supervisors of the employer and the medical department, the claimant was terminated because she failed to keep them informed of her health condition.
It is concluded that the claimant contributed to but was not solely responsible for her separation from her employment and therefore the claimant and the employer are equally responsible for the separation.
Accordingly, the referee determined that the optional award authority of § 8-73-108(7), C.R.S.1973, and Industrial Commission Regulation No. 39D was applicable and granted petitioner 50% of the full award. Petitioner contends that she should have been granted a full award.
Petitioner first claims that the referee erred in applying § 8-73-108(7), C.R.S.1973, because she contends that her claim falls squarely within § 8-73-108(4)(b), C.R.S. 1973, granting full benefits to a worker who must quit for a period of time because of ill health, or § 8-73-108(4)(j), C.R.S.1973, granting full benefits to a worker who is separated for being physically or mentally unable to perform the work, and thus precludes application of § 8-73-108(7), C.R.S. 1973. See Mattison v.Industrial Commission, 33 Colo.App. 203, 516 P.2d 1143. We do not agree.
The referee made no finding that petitioner was separated as a result of her physical condition or inability to perform her work, and the record compels no such finding. The referee instead found that petitioner was terminated for failing to keep her employer informed of her health condition. The fact that the evidence may have supported other findings which would have then warranted application of one or both of the sections advocated by petitioner is not grounds for alteration on review so long as the referee's decision is based on a choice between plausible views of the weight of the evidence or a choice between plausible inferences from the evidence. McGinn v. Industrial Commission, 31 Colo. App. 6, 496 P.2d 1080. Based on the referee's *111 findings, § 8-73-108(4), C.R.S.1973, was not applicable, and he properly determined that § 8-73-108(7), C.R.S.1973, was the applicable section.
Petitioner next contends that even if § 8-73-108(7), C.R.S.1973, is the correct section to apply, the referee should have granted a full award under Industrial Commission Regulation No. 39B. This regulation deals with separations in which the employer is basically responsible for the separation, while Regulation No. 39D, applied by the referee, deals with separations for which both the employee and employer are responsible. We do not agree with petitioner's contention.
Section 8-73-108(7)(b), C.R.S.1973, lists factors which should be considered in making an optional award. Some of these factors supported petitioner's claim, but many, including particularly subsection IX, "The claimant had kept the employer informed of his status during his absence," supported the employer's action, and thus we find no abuse of discretion by the referee in applying Industrial Commission Regulation No. 39D.
Petitioner also claims that the referee erred in admitting and then considering evidence of prior absenteeism and tardiness of petitioner. This contention is grounded in the fact that the termination letter to petitioner cited as grounds for the dismissal only the failure to advise of her health status. However, the referee made no finding that the tardiness and absenteeism were a cause of her termination. Rather he found only that the failure to advise her employer of her health problems was the cause of her termination, and this finding alone was sufficient to support the award made.
Furthermore, even if evidence of petitioner's tardiness and absenteeism was a factor in the referee's decision, consideration of that evidence was proper. Only competent evidence, probative of an issue in the case, should be considered by the referee. See Kortz v. Industrial Commission, Colo.App., 557 P.2d 842; Wilson v. Industrial Commission, 30 Colo.App. 154, 490 P.2d 91. However, from its earliest statements to the Industrial Commission, the employer claimed that petitioner's repeated tardiness and absenteeism were factors in her termination. While the termination letter was evidence to the contrary, it did not, as a matter of law, preclude the referee from consideration of the tardiness and absenteeism issues raised by the employer. The hearing before the referee is to determine all relevant issues, see Anderson v. Industrial Commission, 29 Colo.App. 263, 482 P.2d 403, and the evidence complained of was properly considered by the referee since it had bearing on the issues. Also, there was no evidence that petitioner's past absences and tardiness had been condoned by the employer, and thus they were not precluded from consideration as a factor in the present action. See § 8-73-108(7)(b)(I) and (II).
Petitioner next argues that the decision of the referee cannot stand because the findings of evidentiary and ultimate facts were not set forth with sufficient clarity. See Womack v. Industrial Commission, 168 Colo. 364, 451 P.2d 761. However, the findings of the referee quoted above are supported by substantial competent evidence, are sufficient to permit intelligent review of the basis of the decision, and are therefore sufficient. Cf. Wilson v. Industrial Commission, supra.
Since the findings of the referee are sufficient, we find no merit in petitioner's claim that on review the Industrial Commission should have made additional independent findings. See Mattison v. Industrial Commission, supra.
Order affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.