No. 27943

**James R. Pierce v. Industrial Commission for the State of Colorado (ex-officio Unemployment Compensation Commission of Colorado), and Furr's Cafeteria**

(576 P.2d 1012)

Decided February 21, 1978.          Rehearing denied April 24, 1978.

Frederick P. Charleston, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David Aschkinasi, Assistant, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The petitioner appeals a decision by the Industrial Commission. Such appeals are normally heard by the Court of Appeals. Section 8-74-107(5),

C.R.S. 1973 (1976 Supp.); C.A.R. 3.1(a). However, this case has been transferred to this court because the petitioner has raised a constitutional issue. Sections 13-4-109 and 110, C.R.S. 1973. We affirm.

The petitioner was employed as a management trainee by Furr's Cafeteria on August 30, 1976. His employment was terminated on February 22, 1977, for alleged tardiness, absenteeism, and his conduct at work. He filed a claim for unemployment benefits under section 8-74-101, C.R.S. 1973 (1976 Supp.), with the Department of Labor and Employment.

After a hearing, the referee found that the claimant's recent period of absenteeism, tardiness, and conduct were the reasons for his separation from full-time work and that the claimant was responsible for his separation. Pursuant to section 8-73-108(6), C.R.S. 1973 (1976 Supp.), the referee awarded reduced benefits and delayed the benefits for six weeks. The Industrial Commission affirmed.

## I.

■ The petitioner attacks the constitutionality of section 8-73-108(6). Since legislative enactments carry a strong presumption of constitutionality, *Johnson v. Division of Employment*, 191 Colo. 38, 550 P.2d 334 (1976), one who challenges the constitutionality of a statute must prove it unconstitutional beyond a reasonable doubt. *Enger v. Walker Field*, 181 Colo. 253, 508 P.2d 1245 (1973). The petitioner has failed to meet his burden in this case.

■ The petitioner contends that section 8-73-108(6) is unconstitutionally vague because it confers unfettered discretion upon the Commission to utilize the subsection as it sees fit, regardless of the circumstances of the case. An examination of the statute disproves this assertion.

Subsection (6)(a) of the statute states:

"The general assembly determines that, by reason of the wide variance of facts and the conditions surrounding the causes of separation from work, the division may consider other causes for separation from work, such as: Tardiness, absenteeism, constructive criticism, abuse of coffee break privileges, overstaying of lunch periods, sleeping on the job, and loafing on the job."

Section 8-73-108(6)(b) lists thirteen factors to be considered by the Commission in determining whether to grant a full award, reduced award or special award when a claimant has been separated from work for one of the reasons enumerated in subsection (6)(a).

■ The petitioner's contention that section 8-73-108(6) is unconstitutionally vague because it does not set out a precise methodology is answered by the legislative recognition, announced in subsection (6)(a), of "the wide variance of facts and conditions surrounding the causes of separation from work." The grounds upon which unemployment compensation may be awarded and the formulae by which distributions are made are both within the province of the legislature. *See Miller v. Industrial*

*Comm.*, 173 Colo. 476, 480 P.2d 565 (1971), and the cases cited therein.

The legislature may delegate to an administrative agency the power to determine the operable facts and situations to which broad principles of law, set forth by the legislature, apply. *Field v. Clark*, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892); *People v. Willson*, 187 Colo. 141, 528 P.2d 1315 (1974), and cases cited therein. As stated in *Field*, the distinction is between the delegation of power to make the law and conferring authority or discretion as to its execution.

In *Swisher v. Brown*, 157 Colo. 378, 402 P.2d 621 (1965), we held that:

"It is not necessary that the legislature supply a specific formula for the guidance of the administrative agency in a field where flexibility and adaption of the legislative policy to infinitely variable conditions constitutes the essence of the program. The modern tendency is to permit liberal grants of discretion to administrative agencies in order to facilitate the administration of laws dealing with involved economic and governmental conditions. In other words, the necessities of modern legislation dealing with complex economic and social problems have led to judicial approval of broad standards for administrative action, especially in regulatory enactments under the police power. With respect to such types of legislation, detailed standards in precise and unvarying form would be unrealistic and more arbitrary than a general indefinite standard."

*See also People v. Willson, supra; Fry Roofing v. Dept. of Health*, 179 Colo. 223, 499 P.2d 1176 (1972). In enacting subsection (6), the legislature has properly delegated discretion to the Division of Employment to grant or deny unemployment benefits.

## II.

The petitioner next argues that the referee and the Industrial Commission failed to construe the statute liberally in his favor. He contends that a liberal construction of absenteeism and tardiness requires a finding of *excessive* absenteeism and tardiness.

We are not persuaded by the petitioner's second argument. "[I]t is not the function of 'liberal' construction to twist the facts in order to reach a result favorable to an employee." *Montano v. Industrial Comm.*, 171 Colo. 92, 464 P.2d 518 (1970). By the same token, construing the words "absenteeism" and "tardiness" as "excessive absenteeism" and "excessive tardiness," is also not a function of liberal construction.

The record discloses that during the week immediately prior to his being fired, the petitioner was absent three days and tardy on one day. Section 8-73-108(6)(b)(I) states that the division may consider whether the discharge was caused by a single instance or whether there were several instances of the alleged misbehavior.

The record contains substantial evidence to support the factual determination of the referee and its subsequent affirmance by the

Commission. Therefore, under section 8-74-107(4), C.R.S. 1973 (1976 Supp.), those findings are conclusive, even if the evidence was conflicting. *See Denver Symphony Ass'n v. Industrial Comm.*, 34 Colo. App. 343, 526 P.2d 685 (1974); *Olivas v. Industrial Comm.*, 33 Colo. App. 273, 518 P.2d 304 (1974).

The order is affirmed.

MR. JUSTICE CARRIGAN concurs in the result.