of this court to sit as a second preliminary hearing court to review the evidence of probable cause.

When this court is asked to make a case-by-case review of the trial court's determination of the sufficiency of the evidence, the time expended by the court "serves little purpose and is rarely productive of any precedential value." *People v. Berry, supra.*

Appeal dismissed.

**Lydia ARMIJO, Petitioner,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Colorado Division of Employment, Respondents.**

**No. 79CA0440.**

Colorado Court of Appeals, Div. I.

April 3, 1980.

William E. Benjamin, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, William Levis, Asst. Attys. Gen., Denver, for respondent, Industrial Commission of the State of Colorado.

STERNBERG, Judge:

Claimant, Lydia Armijo, seeks review of an order of the Industrial Commission deferring her entitlement to unemployment compensation benefits for a period of 18 weeks. The Commission found that claimant voluntarily quit her employment because of her "dissatisfaction with supervision." Section 8–73–108(5)(b), C.R.S.1973 (1979 Cum.Supp.). We affirm.

Claimant maintains that she was mentally unable to perform the job duties assigned to her and that therefore she should have received a full award of benefits pursuant to § 8–73–108(4)(j), C.R.S.1973 (1979 Cum.Supp.). Relying on *Tague v.*

*Coors Porcelain Co.,* 30 Colo.App. 158, 490 P.2d 96 (1971), she contends that the Commission erred in construing this statute too narrowly to preclude consideration of mental illness. We find no merit to this contention.

Section 8–73–108(4)(j) provides for a full award of benefits when the Commission determines that the employee was "physically or mentally unable to perform the work or unqualified to perform the work as a result of insufficient educational attainment or inadequate occupational or professional skills." In *Tague v. Coors Porcelain Co., supra,* we held that under this statute mental inability to perform one's work may result from illness as well as educational or intellectual deficiencies.

As we read the Commission's order, it adhered to this construction. It stated that the statute "relates to the ability, talent, or capacity to perform duties"; in so doing, it rejected claimant's testimony that stress in her employment rendered her incapable of performing her job duties and specifically found that claimant did not establish stress as a health reason for quitting her job. The Commission found also that claimant did not inform her employer that health or inability to perform the duties of her job was the reason for her resignation. Rather, it found that claimant "quit in anger because of constructive criticism about her job performance," and concluded that a reduced award pursuant to § 8–73–108(5)(b), as determined by the hearing officer was justified.

It is, of course, axiomatic that the Commission has the power to determine the credibility of witnesses and the weight to be given to their testimony. *E. g., McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972). Here, there is evidence in the record, together with reasonable inferences to be drawn therefrom, which supports the Commission's factual determinations; hence, they are binding on review.

*Michals v. Industrial Commission,* 40 Colo. App. 5, 568 P.2d 108 (1977); *Tague v. Coors Porcelain Co., supra.*

■ Claimant seeks review also of that portion of the Commission's order which upheld the hearing officer's decision ordering an 18-week deferral of entitlement to benefits. The deputy's decision from which claimant appealed deferred her entitlement for only 12 weeks; it was based on "dissatisfaction with the working conditions," pursuant to § 8-73·108(5)(a), C.R.S.1973 (1979 Cum.Supp.). Claimant contends that the length of the period of disqualification was not one of the issues raised at the hearing on her appeal and that the hearing officer exceeded his statutory authority and violated her right to due process of law in increasing the penalty period. We disagree.

In *Anderson v. Industrial Commission,* 29 Colo.App. 263, 482 P.2d 403 (1971), we held:

" 'An appeal in an unemployment compensation case removes the claim in its entirety, and the hearing is, in effect, a trial de novo. The administrative appellate tribunal may consider all matters at issue regardless of the ground or basis of the appeal . . . .' "

*See also* § 8–74–103(3), C.R.S.1973 (1979 Cum.Supp.).

We hold, therefore, that when a claimant appeals the merits of a deputy's decision finding him eligible for only a reduced award, the period of disqualification is subject to re-determination by the hearing officer.

Order affirmed.

COYTE and VAN CISE, JJ., concur.