637 P.2d 401 (1981)
The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Petitioner,
v.
INDUSTRIAL COMMISSION OF the STATE of COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado), and Karletta K. Clark, Respondents.
No. 80CA1243.
Colorado Court of Appeals, Div. III.
August 20, 1981.
Rehearing Denied September 17, 1981.
Certiorari Denied November 30, 1981.
*402 Eiberger, Stacy & Smith, Raymond W. Martin, David H. Stacy, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Abby L. Pozefsky, Asst. Atty. Gen., Denver, for respondents.
VAN CISE, Judge.
Mountain States Telephone and Telegraph Co. (the employer) seeks review of an order of the Industrial Commission which awarded Karletta K. Clark (the employee) full unemployment compensation benefits following her discharge. We affirm.
The employer had attendance guidelines which, although administered with flexibility, provided for certain action to be taken when an employee was absent a certain number of days during a 12 month period. Under the guidelines, an employee could be discharged for excessive absenteeism for nine absences or four occurrences (a continuous absence of multiple days constituting one occurrence). Here, according to the employee's attendance record, she was absent approximately 17 days in 12 occurrences during the 12 month period before she was discharged. The reasons for her absences, some of which were pregnancy related, included: upset stomach (4), vomiting (2), back trouble, flu (2), diarrhea, child ill (2), feet swollencannot walk, bedrest (3), and unable to get to work because of snow storm. As a result of her attendance record, the employee was discharged for excessive absenteeism.
The Commission found that the employee had been discharged for excessive absenteeism. However, the Commission also found that the absences were primarily due to health problems. Therefore, under § 8-73-108(4)(j), C.R.S. 1973 (1980 Cum.Supp.), it concluded that the employee was entitled to full benefits because her separation from employment was due to her inability to perform work because of physical problems.
The issue on appeal concerns the interplay between § 8-73-108(4)(j), on which the Commission's ruling was based, and § 8-73-108(5)(x), C.R.S. 1973 (1980 Cum.Supp.), which provides for a reduced award where separation from employment is due to excessive absenteeism. Specifically, the issue is whether incidental illnesses resulting in excessive absences constitute a physical inability to perform the work.
Section 8-73-108(4)(j) provides for a full award where the reason for an employee's separation is "[b]eing physically ... unable to perform the work ...." We have held that a full award of benefits was justified under this section where an employee, discharged for excessive absenteeism, suffered a disabling injury which rendered him unable to get out of bed or unable to remain in a standing or sitting position for sustained periods. See Colorado State Judicial Department v. Industrial Commission, Colo. App., 630 P.2d 102 (1981).
The purpose of unemployment compensation legislation is to assure "that each eligible individual who is unemployed through no fault of his own shall be entitled to receive a full award of benefits." Section 8-73-108(1)(a), C.R.S. 1973 (1980 Cum. Supp.). In light of this purpose, we cannot say that the General Assembly intended to deny compensation to an employee who, although excessively absent, is so because of incidental illness. Accordingly, the language of § 8-73-108(4)(j) is sufficiently broad that illness which is not necessarily *403 disabling can constitute a physical inability to perform the work.
An illness may be so minor that absence resulting therefrom is more for employee's comfort than due to physical inability to perform the work. In such event, an employee discharged for excessive absenteeism due to illness would be entitled only to a reduced award under § 8-73-108(5)(x). However, this is a factual question for the Commission.
Here, the Commission found that the employee's illnesses constituted physical inability to perform her work. These findings are supported by substantial evidence and are conclusive on review. Section 8-74-107(4), C.R.S. 1973 (1980 Cum.Supp.). Accordingly, the Commission was justified in granting a full award under § 8-73-108(4)(j), rather than a reduced award under § 8-73-108(5)(x). See Michals v. Industrial Commission, 40 Colo.App. 5, 568 P.2d 108 (1977).
Order affirmed.
BERMAN and KELLY, JJ., concur.