The MARLIN OIL COMPANY, d/b/a
Sterling Well Service, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLO-
RADO, (Ex-Officio Unemployment Com-
pensation Commission of Colorado), and
Leonard L. Llamas, Respondents.

No. 81CA0942.

Colorado Court of Appeals,
Div. II.

Feb. 4, 1982.

Hannon, Stutz, Dyer & Miller, Jeremiah
B. Barry, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sol. Gen., Robert S. Hyatt, Asst.
Atty. Gen., Denver, for respondents.

VAN CISE, Judge.

Petitioner, The Marlin Oil Company (em-
ployer), seeks review of the final order of
the Industrial Commission awarding re-
spondent, Leonard Llamas (claimant), un-
employment compensation benefits pursu-
ant to §§ 8–73–108(4)($o$) and 8–73–
108(4)(j), C.R.S.1973 (1980 Cum.Supp.). We
affirm.

Claimant was employed by employer as a
derrick-hand and roustabout from January
1980 to July 10, 1980, and from August 4
until December 19, 1980. His testimony at
the hearing before the referee in support of
his claims was that in July 1980 he experi-
enced harassment by his foreman and vol-
untarily quit his employment for several
weeks. According to claimant, the foreman
forced him to walk some distance back to
the motel where they were staying, when
he could have driven him there. The fore-
man then laughed at claimant's discomfort.

As to claimant's December separation, he testified that he was requested to remove drill casings by hand rather than with power tongs as was customary. Claimant testified that he had informed the foreman of a previous wrist injury which would affect his ability to break the casings by hand. After deciding that any further attempts to break casings by hand could result in severe injury to his wrist, claimant voluntarily terminated his employment. Claimant testified that his brother-in-law later informed him that the next day a new and simpler procedure for removing casings was instituted.

The referee found, as to the July separation, that claimant had quit his employment because of personal harassment unrelated to his job performance. He further found that claimant had quit his position in December because of a physical limitation which prevented him from performing the requested work. The referee then granted claimant a full award of benefits pursuant to §§ 8–73–108(4)(o) and 8–73–108(4)(j), C.R.S.1973 (1980 Cum.Supp.). The Commission affirmed and adopted the decision of the referee.

■ Employer contends that there was insufficient evidence to support the Commission's findings either that claimant was harassed or that he was physically unable to perform the work, and that, therefore, the Commission erred in granting claimant a full award of benefits. We disagree.

Section 8–73–108(4)(o), C.R.S.1973 (1980 Cum.Supp.) provides for a full award if it is determined that the employee quit his employment "because of personal harassment by the employer not related to the performance of the job." There is nothing in this section stating that, as argued by the employer, the harassment must be continuous and substantial, and we will not read those words into the statute. The evidence supports the finding that claimant was harassed and that the harassment was not related to the performance of the job. That is all that is required.

The Commission, at the time of the hearing involved herein had the power to determine the credibility of the witnesses and the weight to be given their testimony. *See Armijo v. Industrial Commission*, Colo. App., 610 P.2d 107 (1980). Here, although the testimony was conflicting, the record contains substantial evidence to support the Commissions's findings as to the reasons for both of claimant's terminations. Therefore, under § 8–74–107(4), C.R.S.1973 (1980 Cum. Supp.), these findings are conclusive on review. *Pierce v. Industrial Commission*, 195 Colo. 10, 576 P.2d 1012 (1978).

Separate hearings were scheduled for taking of testimony. The first session was held in Denver to obtain the testimony of the employer. The second session was held in Greeley to obtain the testimony of the employee. Separate notices were sent as to each hearing, advising of the designated time and place and the purpose of the hearing. The parties were told they were welcome to attend. Each notice specified that the section of law cited by the deputy in his decision had been § 8–73–108(4)(c), C.R.S. 1973. Employer contends that it was denied a fair hearing in that the notice cited § 8–73–108(4)(c), C.R.S.1973 (1980 Cum. Supp.), but the referee based his decision on §§ 8–73–108(4)(o) and 8–73–108(4)(j), C.R. S.1973 (1980 Cum.Supp.). We find no merit to this contention.

■ An administrative appeal in an unemployment compensation case is a review of the case in its entirety, and the hearing is, in effect, a trial de novo. The administrative appellate tribunal may consider all matters at issue regardless of the ground or basis for the appeal. *Anderson v. Industrial Commission*, 29 Colo.App. 263, 482 P.2d 403 (1971).

■ Furthermore, there was nothing in the notices that in any way limited the scope of the hearing to only § 8–73–108(4)(c). At the hearing, the referee made it clear that he was going to explore both separations and claimant's entire work history. The employer's representatives testified in detail concerning both separations, and must have known that claimant would be questioned at the later hearing on his version of the separations. Since the em-

ployer did not avail itself of the opportunity to attend the second hearing and cross-examine claimant, it is in no position to complain that the Commission based its findings on claimant's testimony rather than the employer's.

Order affirmed.

ENOCH, C. J., and KELLY, J., concur.