**Jack E. ANDERS, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado) and Avery Structures, Inc., Respondents.**

**No. 81CA1161.**

Colorado Court of Appeals, Div. II.

July 8, 1982.

Richard M. Borchers, P. C., Richard M. Borchers, Westminster, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

STERNBERG, Judge.

The petitioner, Jack E. Anders, seeks review of an order of the respondent Industrial Commission which disqualified him from receipt of unemployment benefits for a period of 15 weeks because his discharge was based on careless work. We affirm.

Anders commenced work as a crane operator for the respondent employer, Avery Structures, Inc., on August 5, 1980. He was discharged on August 16, 1980, when a crane he was operating turned over causing some $6,000 damage to the equipment.

There was testimony upon which the referee concluded that the crane turned over because outriggers used to stabilize the crane while it was in operation were not extended. Based upon the statutory provision now codified as § 8–73–108(9)(a)(XV), C.R.S.1973 (1981 Cum.Supp.), relating to "careless or shoddy work," the disqualification from benefits for 15 weeks was ordered.

Anders contends that there was insufficient evidence upon which to base the hearing officer's decision; that the decision was based on hearsay alone; and that the hearing officer erred in allowing telephone testimony of one of Avery's witnesses. We disagree.

The record reflects the following: Anders admitted in his application for unemployment benefits that he had forgotten to extend the outriggers on the crane. Anders' foreman on the job stated that because Anders was operating the crane with the boom fully extended he should have known that it was standard operating procedure to extend the outriggers fully to prevent the crane from turning over. The foreman also testified that there was a sign in the crane which directed the crane operator to extend the outriggers fully. And, although that sign was not admitted into evidence, Anders testified that the sign in the crane did direct the operator to set the outriggers.

These facts support the hearing officer's conclusion that Anders had been careless. *Sims v. Industrial Commission*, Colo., 627 P.2d 1107 (1981). And, even though hearsay was allowed, there was other evidence supporting the hearing officer's decision sufficient to preclude our reversal. *See Sims, supra; Rocky Mountain Radiologists Professional Corp. v. Department of Labor*, 39 Colo.App. 183, 562 P.2d 1123 (1977).

Finally, Anders complains that the hearing officer abused his discretion in allowing the foreman's testimony because the foreman was not physically present at the hearing. We disagree. This portion of the hearing was conducted by means of a telephone conference call involving the hearing officer and all parties including Anders and his attorney. Anders did not object to this procedure. The foreman was standing by his telephone waiting to be called as a witness. And, Anders was allowed to cross-examine the foreman. *See* § 8–74–106(1)(f)(II), C.R.S.1973 (1981 Cum.Supp.).

Order affirmed.

PIERCE and BERMAN, JJ., concur.