Joseph T. **RICHARDSON**, Petitioner,

v.

**INDUSTRIAL COMMISSION OF the STATE of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Gart Bros. Sporting Goods Co.**, Respondents.

No. 84CA0615.

Colorado Court of Appeals,
Div. III.

April 11, 1985.

Jonathan Wilderman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

Quiat, Bucholtz, Bull & Laff, P.C., Alan H. Bucholtz, Denver, for respondent Gart Bros. Sporting Goods Co.

STERNBERG, Judge.

Claimant, Joseph T. Richardson, seeks review of a final order of the Industrial Commission denying his claim for unemployment benefits on the basis that his termination was the result of violation of company rules which could have resulted in serious damage to the employer's interests. *See* § 8–73–108(5)(e)(VII), C.R.S. (1984 Cum.Supp.). We affirm.

Claimant was employed in the hunting department of the employer's sporting goods store from May 1981 to October 1983. Claimant was a manager until July 1983, when he requested part-time sales duties.

The employer's evidence indicated that claimant was discharged for attempting to purchase guns from customers and from a sales representative while on duty, and for missing sales meetings. Under terms of an employer's manual, read into evidence, employees were prohibited from accepting merchandise or favors from manufacturer's representatives and customers, and were subject to immediate dismissal if they used the store for sale of personal items. Other evidence by employer indicated claimant was well aware of these rules, and had agreed to abide by them.

An affidavit of a gun company salesman indicated that in April or May 1983, he overheard claimant offer to purchase a gun from a customer and that claimant approached him about purchasing sample guns. After the affidavit was accepted into evidence, the referee telephoned the gun salesman, who was then sworn as a witness. He confirmed the accuracy of the affidavit, and was cross-examined by claimant.

A witness for the employer also testified that he had received reports from store managers and customers concerning claimant's dealings with customers. However, he characterized these reports as unsubstantiated hearsay. Claimant generally denied the allegations.

The referee entered extensive findings of fact, and concluded that claimant was discharged for violating company policies. Specifically, the referee found that claimant "did make definite propositions to certain customers according to testimony given," and that claimant missed mandatory sales meetings. The referee concluded that claimant should be denied benefits under § 8–73–108(9)(a)(VII), C.R.S. (1984 Cum.Supp.), and the Commission adopted the findings and conclusions.

I.

Claimant contends that the Commission erred in applying the provision of the Employment Security Act concerning violation of company rules to the facts at issue here. Specifically, he argues that the employer's evidence established an attempt to purchase guns, rather than an actual purchase, and that the company rules prohibited actual purchases only.

■ We reject this contention because the Commission found, on substantial evidence, that the employer's policy was broad enough to prohibit employees from *trying* "to foster sales or take trade-ins" for the employees' own benefit. *See* § 8–74–107(4), C.R.S. (1984 Cum.Supp.). This finding was supported by the testimony of a vice president of employer who warned claimant against "potential" conflicts of interest resulting from "dealing" with customers. That such conflicts would arise from attempts to transact personal business must have been understood by claimant, because claimant admittedly promised that he would not try to purchase guns from customers.

II.

■ Claimant next asserts that the referee erred in allowing the policy manual to be read into evidence, arguing that such procedure violated the best evidence rule. The rules of evidence are relaxed in unemployment compensation proceedings, and there was no allegation that the manual was not read accurately. We perceive no error. *See Rocky Mountain Radiologists Professional Corp. v. Department of La-*

bor & Employment, 39 Colo.App. 183, 562 P.2d 1123 (1977).

### III.

We address next claimant's contention that the Commission's findings and conclusions concerning the attempted gun purchases were either contradictory, or totally unsupported by the evidence. There is no reversible error.

■ Generally, the Commission's findings and conclusions are sufficient if they are supported by substantial evidence, and permit intelligent review of the basis of the decision. *Michals v. Industrial Commission*, 40 Colo.App. 5, 568 P.2d 108 (1977). The Commission is not held to a "crystalline standard" in expressing its findings, *In re Claim of Allmendinger v. Industrial Commission*, 40 Colo.App. 210, 571 P.2d 741 (1977), and even erroneous findings do not warrant setting an order aside if the findings are not material. *Gandy v. Industrial Commission*, 680 P.2d 1281 (Colo. App.1983).

Claimant argues that the Commission's finding that the employer did not establish, except for the gun salesman's affidavit, that claimant attempted to buy guns from customers, was inconsistent with the conclusion that claimant "did make propositions to certain customers." Claimant concedes that the gun salesman's statement resolves the conflict, but argues that the Commission may not base its decision on a hearsay affidavit.

■ The Commission did not rely entirely on the affidavit, but took the gun salesman's sworn telephone testimony. Claimant did not object to this procedure, and was permitted to cross-examine the gun salesman. *See Anders v. Industrial Commission*, 649 P.2d 732 (Colo.App.1982). Thus, the findings were not contradictory, and the Commission's conclusion was supported by substantial evidence.

Claimant also attacks the findings that the employer learned from customers and other employees that "claimant directly tried to persuade" the gun salesman to sell to him and that the employer thoroughly investigated claimant's conduct.

■ We agree that the first finding was not supported by the evidence. However, it was not material because the Commission accepted the gun salesman's direct testimony concerning claimant's activity. Similarly, we see no reversible error in the Commission's characterization of the employer's "investigation" of claimant's conduct. Finally, we conclude that the Commission had sufficient evidence to infer that claimant's violation of the company rules "could" have resulted in "serious" damage to the employer's interest. *See* § 8–73–108(5)(e)(VII), C.R.S. (1984 Cum. Supp.). Determination of this question is within the fact finding authority of the Commission, and the Commission could reasonably infer that permitting claimant to compete with the employer might have resulted in serious economic damage. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo.App. 1983).

### IV.

■ Citing *Mohawk Data Sciences Corp. v. Industrial Commission, supra,* claimant next contends that the Commission erred in failing to enter findings concerning whether the employer had "waived" its non-competition policies. While the testimony cited by claimant may have raised a factual issue concerning "waiver," the Commission necessarily rejected the argument. Because the basis for the decision is clear and supported by a plausible interpretation of the evidence, further findings were unnecessary. *Michals v. Industrial Commission, supra.*

### V.

Finally, claimant makes numerous attacks on the Commission's finding that he violated company policies against missing sales meetings. However, we do not reach the merits of these attacks because the finding that claimant violated policies against non-competition forms a sufficient

basis for the decision, and is supported by substantial evidence. *See* § 8–74–107(4), C.R.S. (1984 Cum.Supp.).

Order affirmed.

TURSI and METZGER, JJ., concur.