**Paul S. WILSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Waco Scaffolding & Equipment Co., Respondents.**

**No. 86CA0383.**

Colorado Court of Appeals, Div. III.

Nov. 13, 1986.

Royce Edward Tolley, Castle Rock, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for respondent Waco Scaffolding & Equipment Co.

METZGER, Judge.

Claimant, Paul Wilson, seeks review of a final order of the Industrial Commission denying his claim for unemployment compensation benefits. We affirm.

Claimant was employed as a truck driver by Waco Scaffolding and Equipment Co., Inc. (employer), from 1979 until June 7, 1985. On May 25, 1985, claimant was in a non-work-related motor vehicle accident and broke his arm. As a result of the accident, claimant was charged with driving while under the influence of intoxicating liquor.

On May 28, 1985, claimant reported to employer's president and tendered a physician's statement that claimant would be unable to return to work for two weeks because of his injury. Claimant also explained that the accident was alcohol related. Because claimant's duties involved driving large trucks, employer's president requested that claimant provide him with a medical report, the investigating officer's report of the accident, and a current copy of claimant's driving record. Employer's president stated that he wanted these documents as soon as possible, but did not specify a definite due date.

Claimant contacted his supervisor several times before June 7, 1985, but, based on the advice of his attorney, he refused to provide the accident report. Claimant also said that he could not afford the $1.25 fee to obtain a copy of his driving record. On June 7, 1985, when claimant informed employer's president that he would not provide the requested documents, his employment was terminated.

The Industrial Commission found that the request for the documents was reasonable because claimant's duties involved driving. It also found that the claimant did not show good cause for refusing to provide the documents. Accordingly, it con-

cluded that claimant was responsible for his separation from employment and, thus, disqualified from the receipt of all but one week of benefits pursuant to § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B).

Claimant contends first that the Commission's conclusions are unsupported by the evidence. We disagree.

■ The determination of fault in a job separation is a question of fact to be determined by the Commission, and we will not set it aside if it is supported by substantial evidence. *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981). Section 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B) provides that a claimant may be disqualified from receiving benefits for "[i]nsubordination such as: Deliberate disobedience of a reasonable instruction of an employer or his duly authorized representative...."

■ The evidence was uncontradicted that employer's president requested the documents "as soon as possible" and that claimant refused to provide them. The Commission found that the request for the driving record, accident report, and medical records was reasonable because claimant's duties involved driving. Therefore, there was no error in concluding that claimant had deliberately disobeyed a reasonable instruction, and thus, the record supports the Commission's conclusion that claimant was at fault in causing his separation from employment. *See Pierce v. Industrial Commission,* 195 Colo. 10, 576 P.2d 1012 (1978).

Claimant next contends that his Fifth Amendment privilege against self-incrimination justified his refusal to provide employer with a copy of the accident report. We disagree.

■ The privilege against self-incrimination protects one accused of a crime from providing the *state* with evidence of a testimonial nature. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *People v. Renfrow,* 193 Colo. 131, 564 P.2d 411 (1977), *appeal after remand,* 199 Colo. 101, 605 P.2d 915 (1980).

■ The request to provide a copy of the accident report was made solely for its own purposes by a private employer, not a governmental entity. Indeed, the state already had the accident report in its possession. Moreover, under § 42–4–1410, C.R.S. (1984 Repl.Vol. 17), an accident report is a public record. Consequently, the Fifth Amendment privilege against self-incrimination cannot shield claimant from his obligation to comply with employer's reasonable request for a copy of the accident report.

The order is affirmed.

VAN CISE and BABCOCK, JJ., concur.