SAFEWAY STORES, INC., Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Amos R. Varos, Respondents.

No. 87CA0964.

Colorado Court of Appeals, Div. III.

March 3, 1988.

Holland & Hart, Gregory A. Eurich, George "Skip" Gray, III, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela M. Lujan, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

The Law Offices of Jonathan Wilderman, Jonathan Wilderman, Thomas A. Feldman, Sharon Daly, Denver, for respondent Varos.

JONES, Judge.

Safeway Stores, Inc., employer, seeks review of an order of the Industrial Claim Appeals Office (Panel) which awarded unemployment compensation benefits to Amos E. Varos, claimant. We affirm.

Employer terminated claimant, a meatcutter, for alcohol usage prohibited by employer's work rules. Claimant applied for unemployment benefits. The Panel found that claimant's alcohol usage violated employer's work rule. However, the Panel further found claimant had been performing his work with no apparent difficulty on the day in question and that the evidence did not show that claimant would have been unable to continue performing his

duties in a satisfactory manner. The Panel concluded that claimant did not act volitionally in causing his termination, that claimant therefore was not at fault for his separation and that claimant should be awarded full benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl. Vol. 3B). *See Santa Fe Energy Co. v. Baca*, 673 P.2d 374 (Colo. App.1983).

■ On review, employer contends the Panel erred in failing to disqualify claimant pursuant to § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl. Vol. 3B) (violation of a company rule which resulted or could have resulted in damage to the employer's property or interests) or § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl. Vol. 3B) (off-the-job use of not medically prescribed intoxicating beverages which interfered with job performance). Employer argues that claimant's blood alcohol level raised a presumption of claimant's intoxication and inability to perform his job duties. We disagree.

■ No statutory presumption concerning the evidentiary effect of the results of a blood alcohol content test is included in the unemployment act and we decline to create such a presumption. Furthermore, we hold that the statutory presumptions set forth in § 42–4–1202(2), C.R.S. (1984 Repl. Vol. 17), which arise from an individual's blood alcohol content in traffic cases, are not applicable to unemployment cases. Those presumptions apply only to the prosecution of driving offenses set forth in §§ 42–4–1202(1)(a) and (1)(b), C.R.S. (1984 Repl. Vol. 17). *See People v. Beltran*, 634 P.2d 1003 (Colo.App.1981). Consequently, in unemployment compensation cases, an individual's blood alcohol content is only one evidentiary factor to be weighed along with all the other evidence presented at the hearing.

Here, claimant's store manager testified that, while speaking to claimant about an unrelated matter, he thought that he smelled alcohol on claimant's breath and that claimant's speech and actions might indicate alcohol usage. To confirm this, the store manager asked claimant to submit to a blood alcohol content test, to which claimant agreed. The test confirmed the presence of alcohol in claimant's bloodstream. Employer then terminated claimant for ingesting alcohol and then coming to work, which was prohibited by employer's work rules. Employee testified, however, that he had been at work at least one hour before the conversation with the store manager and that he had experienced no difficulty in performing his work that day. Employer presented no evidence to the contrary.

The Panel found that there was evidence that claimant's alcohol usage was in contravention of employer's policy, and that the question whether an employee is discharged in accordance with particular employer-generated guidelines is quite distinct from whether an employee's conduct should disqualify an employee from receiving unemployment compensation benefits. We agree.

Although there was evidence of claimant's alcohol usage, the evidence did not show that such usage either affected claimant's job performance or resulted or could have resulted in serious damage to employer's property or interests. Therefore, the Panel correctly declined to disqualify claimant pursuant either to § 8–73–108(5)(e)(VII) or § 8–73–108(5)(e)(VIII), C.R.S. *Gonzales v. Industrial Commission*, 740 P.2d 999 (Colo.1987).

■ The evidence arguably could have supported the inferences employer urges concerning claimant's job performance. However, since the Panel's findings and conclusions are based on evidence giving rise to differing inferences, we are bound by them on review. *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981); *See Michals v. Industrial Commission*, 40 Colo.App. 5, 568 P.2d 108 (1977).

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.