**YELLOW FRONT STORES, INC., Petitioner,**

v.

**INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, (Ex-Officio Unemployment Compensation Commission of Colorado), and Stephanie A. Tompkins, Respondents.**

**No. 84CA0687.**

Colorado Court of Appeals, Div. III.

Jan. 10, 1985.

Eiberger, Stacy & Smith, John A. Jostad, Raymond W. Martin, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents.

STERNBERG, Judge.

Stephanie Tompkins, the claimant, applied for unemployment compensation benefits following her discharge by Yellow Front Stores, Inc., the employer. The deputy awarded her full benefits under § 8–73–108(4), C.R.S. (1984 Cum.Supp.). At the hearing before the referee, neither the claimant nor a representative appeared and the employer's only witness was the claimant's supervisor.

The employer offered uncontroverted evidence that claimant was discharged because of her admitted use of drugs in violation of company rules, but the referee found that claimant was discharged because of her failure to pass polygraph tests given by the employer, that the employer had no firsthand information about claimant's alleged drug activities, and that all of the employer's evidence was hearsay. The referee therefore awarded full benefits, and the Commission affirmed the orders.

The employer seeks review. We set aside the order and remand for further proceedings.

■ The employer asserts that the hearing before the referee on appeal from the decision of the deputy is *de novo* and that because the claimant did not appear to make a showing of entitlement to benefits, she did not establish a *prima facie* case of eligibility, and therefore, the burden of proof was improperly placed on the employer. We perceive no error in the allocation of burden of proof.

We agree with the employer that the hearing. on appeal is *de novo* in that the claim in its entirety is renewed, and the referee may consider all of the matters at issue, regardless of the ground or basis of the appeal from the deputy. *Marlin Oil Co. v. Industrial Commission*, 641 P.2d 312 (Colo.App.1982). But, we find no error in the procedure followed in the hearing before the referee.

■ Here, the claimant met her initial burden to establish eligibility when she filed a claim that reflected a discharge from covered employment, and the burden was then on the employer to prove its contentions that the claimant was disqualified from receiving benefits. *City of Arvada v. Industrial Commission* (Colo.App. No. 84CA0273, 1985).

Although it might have been to claimant's benefit to be present so as to present additional evidence, to cross-examine employer's witnesses, and to present her own arguments, there is no requirement that she do so. The claimant's presence or absence was significant to the respective burdens of persuasion only insofar as it affected claimant's opportunity to rebut the employer's evidence. Therefore, we conclude there was no error in requiring the employer, on its appeal, to rebut the claimant's *prima facie* case for entitlement.

■ However, we do agree with the employer's contention that the Commission erred in concluding that it had not presented sufficient competent evidence to sustain a finding that claimant was at fault for her termination.

The employer presented uncontroverted evidence showing that the claimant had participated in use and sale of drugs on company premises. Some of that evidence was hearsay, but the claimant's admissions are not hearsay, *see* CRE 801(d)(2), and should have been accepted as competent evidence. The hearsay evidence would be insufficient to support a decision if it were the *sole* evidence, *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981), but it did have probative value and should have been considered as corroborative evidence in determining whether the employer had met its burden of proof. *See Santa Fe Energy Co. v. Baca*, 673 P.2d 374 (Colo. App.1983).

Because the referee erroneously concluded that all of the employer's evidence was hearsay and it is unclear from the decision whether the evidence was properly considered, we remand to the Commission for reevaluation of the evidence and clarification of the order. *See Prestige Homes Inc. v. LeGouffe*, 658 P.2d 850 (Colo.1983).

The order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

TURSI and METZGER, JJ., concur.