John E. **PEREZ**, Petitioner,

v.

**INDUSTRIAL COMMISSION of the State of Colorado; Colorado Division of Employment and Training and Dougherty Painting, Respondents.**

No. 85CA0361.

Colorado Court of Appeals, Div. I.

Nov. 14, 1985.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa Taylor, Asst. Atty. Gen., Denver, for respondent Industrial Com'n and Division of Employment and Training.

No Appearance for respondent Dougherty Painting.

BABCOCK, Judge.

John Perez (claimant) seeks review of a final order of the Industrial Commission disqualifying him from receipt of unemployment compensation benefits. We set aside the order of the Commission and remand with directions.

Claimant was employed by Dougherty Painting (employer) as an apprentice painter from July 1983 to August 1984. Employer testified that he discharged claimant because of complaints from two customers that claimant did unsatisfactory work and because of a poor attitude.

The deputy awarded claimant full benefits pursuant to § 8–73–108(4)(j), C.R.S. (1985 Cum.Supp.). He found that the employer did not discuss claimant's unsatisfactory work with him prior to the discharge.

On appeal before the referee, employer again testified that he had received complaints from two customers about claimant's work and that, upon investigation, he found that claimant's work was sloppy because there was "paint on the carpet, paint on areas that were not to be painted...." After repeated questioning as to the names of the complaining customers, employer finally identified the customers upon the hearing officer's request.

The hearing officer reiterated the deputy's finding that the employer did not discuss claimant's unsatisfactory work with him prior to the discharge. However, based on employer's testimony about the customer's complaints, the hearing officer concluded that claimant was at fault for his separation from employment because he was not performing his job at established standards. The claimant was, therefore, disqualified from the receipt of unemployment compensation benefits pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1985 Cum. Supp.).

On appeal to the Commission, claimant submitted unverified letters from the two complaining customers. These letters contradicted employer's testimony.

The Commission affirmed the hearing officer's decision finding that the hearing officer made a "credibility resolution." It concluded that the hearing officer's deci-

sion was based on substantial and competent evidence.

Claimant contends that the Commission erred in failing to consider his new evidence in the form of the letters from the customers. We agree.

 The reason for a claimant's separation from employment is a question of fact. *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981). The Commission may, upon petition for review, enter an order based on the evidence submitted in the case, or it may require the submission of additional evidence. Section 8–74–104(1), C.R.S. (1985 Cum.Supp.). The Commission has the ultimate responsibility for making the final findings of fact necessary to support its decision.

Here, the hearing officer's decision was based on testimony by employer about complaints of two customers. The customers were not present to testify, and claimant was unable to rebut employer's testimony because he did not learn the identity of these customers until the hearing. The hearing officer's decision reflects that he believed the employer's testimony over claimant's general denial.

However, by the time the Commission reviewed the decision, claimant had contacted the customers and had obtained letters from them which directly contradicted what the employer had attributed to them. In fact, one customer wrote that it was employer, not claimant, who was personally responsible for paint on one carpet and on areas not to be painted. Had these letters been before the hearing officer, his decision might well have been different. The record shows that the Commission failed to consider these letters in its affirmance of the hearing officer's decision.

The letters submitted to the Commission are hearsay. However, when combined with claimant's statement, they have probative value and, thus, could properly be considered by the Commission. *See* § 8–74–106(1)(f)(II), C.R.S. (1985 Cum.Supp.). Here, they should have been considered by the Commission in determining whether

employer had met his burden of proving that claimant had failed to meet established job standards. *See Yellow Front Stores, Inc. v. Industrial Commission*, 694 P.2d 882 (Colo.App.1985).

 Accordingly, we hold that the Commission abused its discretion in affirming the hearing officer when it had before it new evidence which might change the result. The Commission should have remanded the case to the hearing officer for further proceedings. *See* § 8–74–104(1), C.R.S. (1985 Cum.Supp.).

The order is set aside and the cause is remanded with directions to the Industrial Commission for further proceedings in accordance with § 8–74–104(1), C.R.S. (1985 Cum.Supp.).

PIERCE and KELLY, JJ., concur.

