**Irene KARTEN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado, and Athalon Products, Ltd., Respondents.**

**No. 85CA0421.**

Colorado Court of Appeals, Div. II.

March 6, 1986.

Linda S. Lodenkamper, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for petitioner Director, Div. of Labor.

SMITH, Judge.

Unemployment Compensation claimant, Irene Karten, seeks review of a final order of the Industrial Commission denying her request for waiver of the cost of transcribing her hearing before the referee and dismissing her petition for review on the basis that she had not paid such cost. We set aside the order.

After an Industrial Commission referee issued a decision contrary to the deputy's original award of full benefits, claimant sought to appeal to the Industrial Commission. She timely filed a request for waiver of the transcript costs. Claimant's request was made by filling in a printed Industrial Commission form over her sworn signature. The body of the form was entitled "Financial Statement for Month of December, 1984." Claimant's form indicated that she had a checking account balance of $843, and a savings account balance of $100, for a total of $943, with no money received or expected that month. She left blank the space for "total money available for month." She listed her expenses for

the month as $625, and indicated she had a $318 balance after deducting her month's expenses from her total available money. Her responses disclosed that she remained unemployed.

A box at the bottom of the form provided space for notice of the referee's decision. The appeals referee checked the box opposite the words "denied—payment of transcript preparation will not cause undue financial hardship." He also wrote "resources are available for cost of transcript" by hand in the margin.

Claimant appealed the decision to the Industrial Commission. In the written argument accompanying her petition for review she stated that she was presently unemployed, and had been so for a year and a half. During that period she had been living off her savings. She stated that, although she had sufficient savings left to cover her living expenses for December, she would not have enough money to live on in January if she paid the transcript cost.

The Industrial Commission found that the claimant's available funds exceeded her expenses by $318 and, therefore, concluded that the referee did not abuse his discretion in denying claimant's waiver request. On review, claimant contends that the Commission failed to consider all relevant factors before making its decision, and that the decision is not supported by substantial evidence. We agree that the Commission improperly limited its consideration in making a decision on claimant's waiver request.

Until August 30, 1983, the Division of Labor paid the costs of transcript preparation in every unemployment compensation case that was appealed to the Industrial Commission. On that date new regulations came into effect which provided that an appealing party is responsible for his own transcript costs, unless a waiver is granted by the Division. Industrial Commission Regulation 11.2.15, 7 Code Colo.Reg. 1101–2. The regulation provides that:

"A request for waiver of the transcript cost shall be granted if payment of the

transcript cost would cause the appealing party undue financial hardship. In determining whether such payment would cause undue financial hardship, any relevant factors may be considered, including but not limited to the party's income and available money and his existing expenses; the approximate cost of the transcript; and whether payment of this cost would deprive the party or his family of basic necessities."

Industrial Commission Regulation 11.2.15.-4, 7 Code Colo.Reg. 1101–2 at 36.01.

 In making its determination the Commission is required to make specific findings of fact with respect to all factors enumerated in the regulation, or relevant to those factors. *See Esparza v. Industrial Commission,* 702 P.2d 288 (Colo.App. 1985). Here, the Commission abused its discretion by failing to consider the additional information submitted by claimant with her appeal petition, and failing to make specific findings with respect to it.

The Commission is the ultimate fact-finder in unemployment compensation matters and has the power to order additional evidence taken. Section 8–74–104(1), C.R.S. (1985 Cum.Supp.); *McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972). Where the Commission has before it new evidence which could have changed the referee's result, it is an abuse of discretion to affirm the referee's decision without, at least, making findings of fact with respect to that evidence. *Perez v. Industrial Commission,* 711 P.2d 1283 (Colo. App.1985).

Here, we recognize that the further information supplied by claimant in her written argument did not constitute sworn evidence. However, claimant's evidence before the referee was limited in large part by the confines of the Division's form. While, in this case, the length of claimant's unemployment, its likelihood of continuing, and the possibility that her savings would not be replenished were relevant to the referee's determination, the form supplied no place for claimant to provide that information. Therefore, the Commission was obliged to consider the additional information contained in claimant's written argument and either to remand to the referee for the taking of additional evidence and further findings or to take evidence itself and make additional specific findings with respect to that information.

The order of the Industrial Commission dismissing claimant's petition for review is set aside and the cause is remanded to the Commission for referral to the referee to take further evidence with respect to claimant's financial situation, and for a decision on her request for waiver of transcript fee, supported by specific findings of fact with respect to all relevant factors, including, but not limited to those enumerated in Industrial Commission Regulation 11.2.15.4.

STERNBERG and BABCOCK, JJ., concur.