**Paul C. CARLENO, Petitioner,**

v.

**LITTLETON SCHOOL DISTRICT # 6; and the Industrial Commission of the State of Colorado, Respondents,**

**and**

**Paul C. Carleno, Petitioner,**

v.

**Tony's Meats, Inc. d/b/a Tony's Meats & Deli; and the Industrial Commission of the State of Colorado, Respondents.**

Nos. 86CA0705, 86CA0956.

Colorado Court of Appeals, Div. I.

Jan. 14, 1988.

H.E. Carleno & Associates, P.C., Donald R. Knight, Littleton, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No appearance for respondent Tony's Meats, Inc.

PIERCE, Judge.

In this consolidated case, claimant, Paul C. Carleno, seeks review of two final orders of the Industrial Commission which together disqualify him from the receipt of all unemployment compensation benefits. We affirm.

Claimant was employed as a custodian for the Littleton school district until he quit that job to work for Tony's Meats, Inc., at a higher rate of pay. After 14 months, claimant was terminated by Tony's Meats.

The Industrial Commission found that claimant had been terminated from Tony's Meats because of a "belligerent attitude concerning instructions" which resulted in "substandard productivity." The Commission disqualified him from the receipt of all benefits attributable to Tony's Meats pursuant to § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B), and postponed the payment of any benefits for ten weeks pursuant to § 8–73–108(5)(g), C.R.S. (1986 Repl. Vol. 3B).

In a separate matter, the Commission found that claimant quit his employment with the Littleton School District to accept a better job with Tony's Meats. However, pursuant to § 8–73–108(4)(f)(VII), C.R.S. (1986 Repl. Vol. 3B) the Commission found that claimant was ineligible for benefits attributable to the Littleton school district, because he was terminated from the better job for a disqualifying reason.

I

Claimant first contends that the Commission's decision to deny him benefits is not supported by the record. Specifically, claimant argues that his new employment met all the statutory criteria of a better job, and therefore, he is entitled to benefits pursuant to § 8–73–108(4)(f), C.R.S. (1986 Repl.Vol. 3B). We disagree.

Under § 8–73–108(4)(f), a claimant is, generally, entitled to benefits attributable to an employer if he quits that employment to accept a better job, from which he is

later separated. However, § 8–73–108(4)(f)(VII), C.R.S. (1986 Repl. Vol. 3B) provides, in pertinent part, that:

"Benefits shall not be awarded pursuant to this paragraph (f) unless the worker has subsequently separated from the better job under conditions which would result in a full award under this subsection (4)."

Here, claimant's subsequent separation from the better job did not meet this requirement in that his separation from Tony's Meats was found to be for a disqualifying reason. And, although there was conflicting testimony as to the reason for that separation, this court is bound by the Commission's findings which are supported by evidence in the record. *See In re Claim of Krantz v. Kelran Constructors, Inc.,* 669 P.2d 1049 (Colo.App.1983). Therefore, the Commission's conclusion that claimant was not entitled to unemployment benefits is also binding on review.

## II

Claimant also argues that the Commission erred in applying § 8–73–108(5)(e)(V), C.R.S. (1986 Repl.Vol. 3B) to deny him any benefits whatsoever. We find no error.

Section 8–73–108(5)(e) provides that:

"if a separation from employment occurs for [a disqualifying reason] ... no payment of such benefits shall be made from such fund...."

Because claimant was separated from his better job for disqualifying reasons, the Commission properly denied claimant any payment of benefits. Thus, there was no error in the application of § 8–73–108(5)(e)(V).

## III

Claimant further contends that § 8–73–108(4)(f) is unconstitutional as applied to him because there is no rational basis to deny him benefits. This argument is without merit.

The purpose of the Unemployment Compensation Act is to provide benefits for individuals who are unemployed through no fault of their own. *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981). The classification of unemployment compensation claimants on the basis of fault has been held to have a rational basis and, therefore, to be constitutional. *See Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

Here, claimant's separation from employment was the result of his own fault. The record shows that claimant was warned about his substandard performance but, nevertheless, failed to improve. Hence, claimant does not fall within the class of persons the statute is designed to protect. *See Sims v. Industrial Commission, supra.*

Claimant's remaining contentions are without merit.

The orders of the Commission are affirmed.

VAN CISE and BABCOCK, JJ., concur.