Katherine SCHAFFER, Petitioner–Appellee and Cross–Appellant,

v.

COLORADO DEPARTMENT OF SOCIAL SERVICES, Respondent–Appellant and Cross–Appellee.

No. 87CA0089.

Colorado Court of Appeals, Div. III.

June 23, 1988.

Rehearing Denied July 21, 1988.

Colorado Rural Legal Services, David G. Kroll, Greeley, for petitioner-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wade Livingston, Asst. Atty. Gen., Denver, for respondent-appellant and cross-appellee.

HUME, Judge.

The Department of Social Services (Social Services) appeals a district court judgment reversing its decision to terminate certain nursing home medicaid benefits for plaintiff, Katherine Schaffer. Social Services contends that the trial court erred in determining that Social Services' failure to obtain a functional assessment report from plaintiff's attending physician violated state and federal regulations, that a point system used in conducting a medical review of the need for nursing home care was a "rule" that must be published in the Code of Colorado Regulations, that Social Services' reliance on an unpublished point system denied plaintiff's medicaid benefits in an arbitrary and capricious manner, that plaintiff was denied due process of law because medical evidence presented at the administrative hearing consisted entirely of hearsay evidence, and in awarding plaintiff attorney fees because Social Services' defense lacked substantial justification under § 13–17–101, C.R.S. (1987 Repl.Vol. 6A). We agree with each of these contentions and reverse.

## I.

This case was consolidated for oral argument with *Meyer v. Department*

*of Social Services,* 758 P.2d 192 (Colo.App. 1988). Because the factual differences between the two cases are minor and do not affect our decision, and since Social Services' first three contentions here are identical to the issues we addressed in *Meyer,* we agree with Social Services' first three contentions, adopting and incorporating the reasons we articulated in *Meyer.*

## II.

In *Colorado Department of Revenue v. Kirke,* 743 P.2d 16 (Colo.1987), the court overruled its earlier decision in *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981), which had adopted a strict application of the "residuum rule." In *Kirke,* the court held that an administrative agency conducting a driver's license review hearing under the Administrative Procedure Act could rely on hearsay evidence alone "if the hearsay is sufficiently reliable and trustworthy, and the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs."

■ We conclude that the *Kirke* standard should be applied to the administrative hearing conducted in this case. *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (upholding the use of hearsay reports prepared by physicians in social security disability hearings). *See also Flower Stop Marketing Corp. v. Kilgore* (Colo.App. No. 88CA0121, June 23, 1988) (*Kirke* applicable in unemployment compensation proceedings).

Here, the disputed evidence consisted of two functional assessments prepared by two registered nurses. The assessments were based upon each nurse's personal observation of plaintiff's condition, review of her medical charts and records, and consultation with the nursing home staff. The data underlying these assessments, and the assessments themselves, are materials of the kind customarily relied upon by medical professionals in assessing a patient's condition and needs.

Moreover, plaintiff had the right to present evidence rebutting the disputed evidence at the administrative hearing. She also had the right to subpoena the nurses for cross-examination concerning the contents of their reports. *See* § 24–4–105(4), C.R.S. (1982 Repl.Vol. 10). Under these circumstances, we conclude that plaintiff's due process rights were not violated.

## III.

■ Finally, Social Services contends that the trial court erred in awarding plaintiff attorney fees on the basis that its defense lacked substantial justification under § 13–17–101, C.R.S. (1987 Repl.Vol. 6A). Because we find Social Services' defense was justified, we agree that the trial court improperly granted attorney fees.

## IV.

Our reversal of the trial court's holding that Social Services deprived plaintiff of due process and violated her rights under federal regulations renders plaintiff's cross-appeal concerning attorney fees under 42 U.S.C. § 1988 moot.

Judgment reversed.

STERNBERG and METZGER, JJ., concur.