**FLOWER STOP MARKETING CORP., Petitioner,**

**v.**

**William B. KILGORE and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 88CA0121.**

Colorado Court of Appeals, Div. IV.

June 23, 1988.

Rehearing Denied July 21, 1988.

Certiorari Granted (Kilgore) Oct. 31, 1988.

Gregory John Hock, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt Kriksciun, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No Appearance for respondent William B. Kilgore.

CRISWELL, Judge.

Employer, Flower Stop Marketing Corp., petitions for review of an order of the

Industrial Claim Appeals Office (Panel) granting unemployment compensation benefits to claimant, William B. Kilgore. That petition presents the issue whether the supreme court's opinion in *Colorado Department of Revenue v. Kirke*, 743 P.2d 16 (Colo.1987), overruled, for the purpose of proceedings under the Colorado Employment Security Act, § 8–70–101 through § 8–82–105, C.R.S. (1986 Repl Vol. 3B), its previous decision in *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981). We conclude that *Kirke* had that effect and, therefore, set aside the Panel's order and remand for further proceedings.

Claimant's employment was terminated for reckless driving. At the hearing before the referee, however, the only evidence presented to establish claimant's acts consisted of the hearsay statements of individuals who did not appear at the hearing. While the referee considered this evidence sufficient to establish claimant's fault, the Panel did not.

The Panel correctly reasoned that, since it was undisputed that claimant had been discharged, the employer had the burden of establishing that he was disqualified from receiving benefits. *Yellow Front Stores v. Industrial Commission*, 694 P.2d 882 (Colo.App.1985). It concluded that the employer could not meet this burden by relying, as it did, solely upon hearsay evidence.

Authority for this proposition is found in *Sims v. Industrial Commission, supra*. In *Sims*, the employee's termination was based upon the alleged decision by the employer's liability insurance carrier not to continue to extend coverage to the employee or to assume any liability for damages resulting from the employee's actions. However, at the hearing before the referee, the only evidence of the carrier's action was testimony that summarized a telephone conversation between a representative of the employer and a non-appearing agent of the carrier.

The supreme court held in *Sims* that the evidence was insufficient to deny unemployment compensation benefits to the employee. It noted that none of the rules of evidence would allow receipt of such evidence and concluded that:

"Although there may be situations in which it is proper for hearsay testimony to be presented during a hearing before a referee, such hearsay evidence *alone* cannot support a determination reducing or denying an award of unemployment benefits." (emphasis supplied)

■ Consistent with this general principle, this court, in *Kirke v. Colorado Department of Revenue*, 724 P.2d 77 (Colo. App.1986), applied *Sims'* so-called "residuum rule" to administrative proceedings for the revocation of drivers' licenses under § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). However, upon certiorari review of our holding in *Kirke*, the supreme court overruled *Sims* to the extent that the *Sims* opinion might be read as meaning that "*any* administrative determination must be based on some non-hearsay evidence, regardless of the reliability of hearsay evidence that has been admitted...." (original emphasis) There, it concluded that *Sims'* residuum rule need not be applied to drivers' license revocation proceedings.

In reaching this conclusion, the supreme court noted that CRE 1101(e) provides that the rules of evidence apply in special statutory proceedings only to the extent that "matters of evidence are not provided for in the statutes which govern procedure therein." It also noted that the provisions of the Colorado Administrative Procedure Act (APA), § 24–4–105(7), C.R.S. (1982 Repl. Vol. 10), which the supreme court considered to be the "controlling norm" in that case, specifically authorized the hearing officer to receive evidence, not admissible under the rules of evidence, "if such evidence possesses probative value commonly accepted by reasonable and prudent men in the conduct of their affairs." Thus, it concluded that the evidence in *Kirke*, which consisted of testimony of a "fellow officer" as to the contents of another officer's report, was evidence meeting the standards set by the APA. *See also* CRE 803(24) and 804(b)(5), authorizing admission of statements generally considered to be hearsay provided the court determines,

among other things, that they have probative force.

While the provisions of the APA are not applicable to hearings involving unemployment compensation benefits, the Employment Security Act itself contains provisions identical to the APA provisions referred to in *Kirke.* Section 8–74–106(1)(f)(II), C.R.S. (1986 Repl.Vol. 3B) (hearing officer may receive otherwise inadmissible evidence, "if such evidence possesses probative value commonly accepted by reasonable and prudent men in the conduct of their affairs"). Under these circumstances, while we recognize that the supreme court in *Kirke* referred to the "unique nature" of drivers' license revocation proceedings, we can discern no substantive difference between the statutory standard to be applied in such proceedings and the statutory standard required to be applied in unemployment compensation cases. We conclude, therefore, that *Kirke* necessarily overruled *Sims* and that the residuum rule is no longer to be applied in unemployment compensation cases.

In this case, neither the hearing officer nor the Panel made any finding whether the kind of hearsay received was of a type that was considered to be reliable within the meaning of the pertinent statute. Moreover, the Panel's decision in this case was rendered prior to the announcement of *Clark v. Colorado State University*, 762 P.2d 747 (Colo.App.1988), and consequently, the Panel did not determine whether the hearsay evidence introduced in this case, while legally admissible, was of such weight as to support the hearing officer's decision. For this reason, the Panel should consider these issues upon remand of this matter to it.

The order is set aside and the cause is remanded to the Panel for further proceedings consistent with the views expressed herein.

BABCOCK and JONES, JJ., concur.