**INDUSTRIAL CLAIMS APPEALS OFFICE, Petitioner,**

**and**

**William B. Kilgore, Claimant,**

**v.**

**FLOWER STOP MARKETING CORPORATION, Respondent.**

**No. 88SC370.**

Supreme Court of Colorado,
En Banc.

Oct. 30, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Karen E. Leather, Asst. Atty. Gen., Denver, for petitioner.

Gregory John Hock, Colorado Springs, for respondent.

Justice MULLARKEY delivered the Opinion of the Court.

The Industrial Claims Appeals Office (panel) determined that claimant William Kilgore had been improperly denied unemployment compensation benefits because the decision of the referee was based solely on hearsay evidence contrary to *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981). The claimant's employer, Flower Stop Marketing Corporation (Flower Stop), appealed and the court of appeals

in *Flower Stop Marketing Corporation v. Kilgore*, 762 P.2d 747 (Colo.Ct.App.1988), held that *Sims* was no longer applicable to unemployment compensation cases. The court set aside the panel's order and remanded the case to the panel for further proceedings consistent with this court's opinion in *Colorado Department of Revenue v. Kirke*, 743 P.2d 16 (Colo.1987), which allowed the use of hearsay statements alone to establish an element of a case for revocation of a driver's license.

We granted certiorari to determine whether the court of appeals erred in ruling that this court's opinion in *Kirke* overruled *Sims* with regard to unemployment compensation cases and whether the court should have remanded the case for further factual determination. We affirm the appeals court's application of the *Kirke* standard to unemployment compensation cases. We reject its order remanding the case to the panel for further proceedings. Because the hearsay evidence lacked any indicia of reliability and trustworthiness and no other competent evidence supported the denial of benefits, the panel properly ordered the award of benefits to the claimant.

## I.

The claimant Kilgore, a delivery man for Flower Stop, was fired after the company received complaints concerning his driving. After his job was terminated, Kilgore applied for unemployment insurance benefits. The deputy concluded that Kilgore was entitled to a full award of benefits pursuant to section 8–73–108(4), 3B C.R.S. (1986) because the claimant denied the employer's allegations of reckless driving and because there was evidence that the claimant was a good driver. Flower Stop appealed the deputy's decision. At the subsequent hearing, the referee found that Kilgore was at fault in his separation from employment and reversed the deputy's award of bene-

fits. The referee's decision was based solely on hearsay statements of unidentified individuals who had complained to the employer; these statements were not written, signed, or sworn, and the individuals did not appear at the hearing. Rather, the statements came into evidence through the testimony of a Flower Stop employee.

On appeal, the panel reversed the referee's decision. The panel concluded that the referee's decision had been based purely on hearsay statements and that the claimant had denied the accuracy of the statements. Therefore, pursuant to *Sims*, the panel held that unemployment insurance benefits could not be denied solely on the basis of hearsay evidence.

The court of appeals reversed the panel's final order. The court held that *Kirke* overruled *Sims* and thus, hearsay evidence alone could be the basis for a decision in an unemployment compensation case if the hearsay evidence satisfied certain criteria. The court remanded the case for a determination of whether the admitted hearsay was trustworthy and reliable and whether the hearsay was of such weight as to support the hearing officer's decision.

## II.

The underlying issue in this case is whether anonymous complaints concerning the claimant's driving can constitute substantial evidence supporting the denial of unemployment compensation benefits pursuant to section 8–73–108(5)(e)(XX), 3B C.R.S. (1986). Prior to *Kirke*, this court applied the residuum rule in reviewing administrative decisions.[1] The residuum rule, adopted by this court in *Sims*, 627 P.2d 1107, required that any administrative determination be based on some non-hearsay evidence regardless of the reliability of the hearsay evidence admitted to support the administrative determination. *Sims*, 627 P.2d at 1111.

---

1. The residuum rule was first enunciated by the New York Court of Appeals in *Carroll v. Knickerbocker Ice Co.*, 218 N.Y. 435, 113 N.E. 507 (1916). In 1938 it was endorsed by the United States Supreme Court in *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 230, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938) ("Mere uncorroborated

hearsay or rumor does not constitute substantial evidence."). The New York Court of Appeals has since expressly disregarded the rule. *300 Gramatan Ave. Assoc. v. State Div. of Human Rights*, 45 N.Y.2d 176, 179 n. *, 408 N.Y. S.2d 54, 57 n. *, 379 N.E.2d 1183, 1185 n. * (1978).

*Sims* was also an unemployment compensation case involving an employee who was alleged to be a poor driver. Sims' job termination was based upon the alleged decision by his employer's liability insurance carrier not to continue coverage for Sims or to assume any liability for damages resulting from Sims' actions while driving company vehicles. However, at the hearing before the referee, the only evidence of the carrier's action was the employer's testimony summarizing a telephone conversation between a representative of the employer and a nonappearing agent of the carrier.

This court held in *Sims* that the evidence was insufficient to deny unemployment compensation benefits to the employee. It noted that none of the rules of evidence would allow receipt of such evidence and concluded that: "Although there may be situations in which it is proper for hearsay testimony to be presented during a hearing before a referee, such hearsay evidence *alone* cannot support a determination reducing or denying an award of unemployment benefits." *Sims*, 627 P.2d at 1111 (emphasis added). In *Kirke*, we overruled our holding in *Sims* "[t]o the extent that *Sims* might be interpreted to hold that *any* administrative determination must be based on some nonhearsay evidence, regardless of the reliability of hearsay evidence that has been admitted." *Kirke*, 743 P.2d at 22 (emphasis in original). Thus, we held that the residuum rule need not be applied to drivers' license revocation hearings under section 42–2–122.1, 17 C.R.S. (1984), due to the "unique nature" of such hearings.

In reaching our conclusion in *Kirke*, we determined that the Colorado Administrative Procedure Act (APA), section 24–4–105(7) was the controlling norm.[2] Based on the language of the APA and due process principles we held that "the use of only

hearsay evidence to establish a revocation element does not deny the licensee due process, as long as the hearsay is sufficiently reliable and trustworthy, and as long as the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of affairs." *Kirke*, 743 P.2d at 21. Therefore, the APA provision specifically authorizes the hearing officer to receive evidence which ordinarily is not admissible under the rules of evidence. The evidence in *Kirke* consisted of testimony by a fellow police officer as to the contents of another officer's report and was sufficient to satisfy the standards required by the APA.

In this case, the court of appeals determined that "[w]hile the provisions of the APA are not applicable to hearings involving unemployment compensation benefits, the Employment Security Act itself contains provisions identical to the APA provisions referred to in *Kirke*." *Flower Stop Marketing Corp.*, 762 P.2d at 749. Section 8–74–106(1)(f)(II), 3B C.R.S. (1986) of the Employment Security Act provides that a hearing officer may receive otherwise inadmissible evidence, "if such evidence possesses probative value commonly accepted by reasonable and prudent men in the conduct of their affairs." Thus, the court could discern no substantial difference between the statutory standard to be applied in driver's license revocation proceedings and the standard required for unemployment compensation cases. Consequently, the court held that the residuum rule was not applicable to unemployment compensation cases, and that *Sims* was necessarily overruled for such cases.

It is now well settled that hearsay evidence alone may be used to establish an element at a driver's license revocation hearing. *See Kirke*, 743 P.2d 16 (Colo. 1987); *Colo. Div. of Revenue v. Lounsbury*, 743 P.2d 23 (Colo.1987); *Charnes v.*

---

**2.** Section 24–4–105(7), 10A C.R.S. (1988), states: The rules of evidence and requirements of proof shall conform, to the extent practicable, with those in civil nonjury cases in district courts. However, when necessary to do so in order to ascertain facts affecting the substantial rights of the parties to the proceeding, the

person so conducting the hearing may receive and consider evidence not admissible under such rules if such evidence possesses probative value commonly accepted by reasonable and prudent men in the conduct of their affairs.

*Lobato,* 743 P.2d 27 (Colo.1987); *Heller v. Velasquez,* 743 P.2d 34 (Colo.1987). However, we have not addressed the applicability of this proposition to other administrative hearings.

In *Schaffer v. Colorado Department of Social Services,* 759 P.2d 837 (Colo.Ct.App. 1988), the court of appeals applied the *Kirke* standard of review to the Department of Social Services' decision to terminate a recipient's nursing home Medicaid benefits. The evidence in *Schaffer* consisted of reports prepared by two registered nurses and the data underlying the assessments were of the kind customarily relied upon by medical professionals. Furthermore, the recipient had the right to present contrary evidence and to subpoena the nurses for cross-examination concerning the contents of their reports.

The court in *Schaffer* found support for its holding in *Kirke* and in *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In *Perales,* the Court upheld the use of hearsay reports prepared by physicians in social security disability hearings. The court found that the reports of five medical specialists contained strong indicia of reliability because the physicians were disinterested witnesses who routinely prepared such reports, and the reliability of medical reports historically has been accepted in judicial proceedings. Furthermore, although the medical reports were available to the claimant prior to the hearing, the claimant did not subpoena any of the physicians. The Court summarized its holding, stating:

> We conclude that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and in absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.

*Perales,* 402 U.S. at 402, 91 S.Ct. at 1428. Thus, at least under the limited facts of *Perales,* the court found no due process violation in accepting hearsay reports as substantial evidence. Although *Perales* is not a blanket rejection of the residuum rule, it has led some courts to "accept the view that hearsay may, in appropriate circumstances, constitute substantial evidence." 1 F. Cooper, *State Administrative Law,* § 7.6 (1965).

Jurisdictions have varied in applying the residuum rule or alternate standards for allowing administrative determinations to be based on hearsay evidence. Many federal courts as well as legal scholars have rejected the residuum rule. *See Johnson v. U.S.,* 628 F.2d 187 (D.C.Cir.1980); *School Bd. of Broward County, Fla. v. H.E.W.,* 525 F.2d 900 (5th Cir.1976); *Calhoun v. Bailar,* 626 F.2d 145 (9th Cir.1980); *Unemployment Compensation Bd. of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981); C. McCormick, *Administrative Evidence,* § 354 (3d ed. 1984); 1 F. Cooper, *State Administrative Law,* § 7.4 (1965). In 3 K.C. Davis, *Administrative Law* 16:6 (2d ed. 1980), Davis stated, "The residuum rule was once largely the law, but it is now largely abolished." He further states:

> Rejection of the residuum rule does not mean that an agency is compelled to rely on incompetent evidence; it means only that the agency and the reviewing court are free to rely upon the evidence if in the circumstances they believe that the evidence should be relied upon. Rejection of the residuum rule does not mean that a reviewing court must refuse to set aside a finding based upon incompetent evidence; it means only that the court may set aside the finding or refuse to do so as it sees fit, in accordance with its own determination of the question whether the evidence supporting the findings should be deemed reliable and substantial in the circumstances.

■ In *Kirke* we abandoned the mandatory application of the residuum rule spe-

cifically for driver's license revocation hearings. In this case we now reiterate our decision in *Kirke* and hold that in the absence of a statute which says that the residuum rule applies, *Kirke* is the proper standard to use for evaluating an administrative determination based on hearsay evidence. Thus, the use of hearsay evidence alone does not violate due process principles as long as the hearsay is sufficiently reliable and trustworthy and as long as the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. Such hearsay can constitute substantial evidence to support an administrative agency's decision in cases where the hearsay is admitted under the provisions of the APA or other statutory language equivalent to the APA.

In this case, while hearings involving unemployment compensation benefits are governed by the Employment Security Act, section 8–74–106(1)(f)(II), 3B C.R.S. (1986), the applicable language in that act is identical to the APA provision, and thus *Kirke* is controlling. Therefore, the hearsay statements which composed the primary evidence could only be the basis of a determination if the *Kirke* standard was met—if the hearsay was reliable, trustworthy, and had some probative value.

In determining whether evidence is reliable, trustworthy, and probative for the purposes of an administrative hearing other jurisdictions have enumerated several factors that provide helpful guidance. These factors should not be interpreted as a mandatory checklist, but rather are helpful to apply the standard we have set out in *Kirke* and this opinion. These include: (1) whether the statement was written and signed, *see, e.g., Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hoska v. U.S. Dep't of the Army*, 677 F.2d 131 (D.C.Cir.1982); *Calhoun v. Bailar*, 626 F.2d 145 (9th Cir.1980); (2) whether the statement was sworn to by the declarant, *Borinkhof v. Dep't of Justice*, 5 M.S.P.B. 150, 5 M.S.P.R. 77 (1981); *Reil v. U.S.*, 197 Ct.Cl. 542, 456 F.2d 777 (1972); *Hoska*, 677 F.2d 131; (3) whether the de-

clarant was a disinterested witness or had a potential bias, *Perales*, 402 U.S. 389, 91 S.Ct. 1420; *Calhoun*, 626 F.2d 145; *Carlson v. Kozlowski*, 172 Conn. 263, 374 A.2d 207 (1977); (4) whether the hearsay statement is denied or contradicted by other evidence, *Perales*, 402 U.S. 389, 91 S.Ct. 1420; *Jadallah v. D.C. Dep't of Employment Servs.*, 476 A.2d 671 (D.C.1984); *School Bd. of Broward County, Fla.*, 525 F.2d 900; (5) whether the declarant is credible, *Perales*, 402 U.S. 389, 91 S.Ct. 1420; *Borninkhof*, 5 M.S.P.R. 77; *Bailor*, 626 F.2d 145; (6) whether there is corroboration for the hearsay statement, *Perales*, 402 U.S. 389, 91 S.Ct. 1420; *Johnson*, 628 F.2d 187; *Reil*, 456 F.2d 777; (7) whether the case turns on the credibility of witnesses, *Perales*, 402 U.S. 389, 91 S.Ct. 1420; *Henley v. U.S.*, 379 F.Supp. 1044 (M.D.Pa. 1974); *Carlson*, 374 A.2d 207; (8) whether the party relying on the hearsay offers an adequate explanation for the failure to call the declarant to testify, *Borninkhof*, 5 M.S.P.R. 77; *Jadallah*, 476 A.2d 671; and, finally, (9) whether the party against whom the hearsay is used had access to the statements prior to the hearing or the opportunity to subpoena the declarant, *Perales*, 402 U.S. 389, 91 S.Ct. 1420; *Johnson*, 628 F.2d 187; *Carlson*, 374 A.2d 207; *Smith v. Everett*, 276 Ark. 430, 637 S.W.2d 537 (1982).

Applying these factors to the case at hand, we conclude that the hearsay statements lack any indicia of reliability and trustworthiness. The record reveals that the referee's decision to reduce Kilgore's benefits was based on several anonymous customer complaints which indicated that he was a reckless driver. The complaints were usually made over the telephone by callers who refused to leave their names and numbers. The complaints were not written, signed or sworn. The declarants were not identified, and it is unknown whether they were disinterested or had any biases. Plainly, there is no way to test the credibility of the declarants. Moreover, hearings before the referee are informal and discovery is prohibited unless a party first obtains an order from the chief appeals referee or his designee.

§ 11.2.8, 7 C.C.R. 1101–2 (1987). Thus, a party to an unemployment compensation hearing has no right to learn of the possible existence of hearsay statements which will be used or to ascertain the identity of hearsay declarants. In addition, a party does not have an unconditional right to subpoena witnesses. The issuance of a subpoena is discretionary with the agency, and a party must demonstrate that the testimony of the witness is material. § 11.2.19, 7 C.C.R. 1101–2 (1987). Finally, there was evidence in the record that the claimant had denied the accuracy of the complaints and had provided some rebuttal evidence, including a signed letter of recommendation.

Therefore the facts in this case, when applied to the above factors, clearly indicate that the hearsay statements lacked any indicia of reliability and trustworthiness.

### III.

The panel is limited in its review to evidence in the record. Section 8–74–104(2), 3B C.R.S. (1980), provides: "Upon petition to review by an interested party, the industrial claim appeals panel may affirm, modify, reverse, or set aside any decision of a hearing officer on the basis of the evidence in the record previously submitted in the case." The panel ordered that the referee's decision, which was based solely on hearsay, be reversed and that Kilgore was entitled to a full award of benefits as a result of *Sims*. Section 8–74–107(6)(d) allows a reviewing court to set aside the panel's decision upon the ground that "the decision is erroneous as a matter of law." Here, the panel applied an incorrect legal standard when it relied on *Sims* rather than *Kirke*. It reached the correct result, however, when it directed the award of benefits because the hearsay evidence did not meet the *Kirke* standard and the denial of benefits was based solely on the hearsay complaints. Hence, the case should be remanded to the panel with directions to reinstate its award of benefits. The court of appeals decision is affirmed in part and reversed in part. Its order of remand is to be modified in accordance with this opinion.