This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 30,995**

**MICHAEL PITTMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for voluntary manslaughter and tampering with evidence. We issued a calendar notice proposing to affirm. Defendant has filed

a memorandum in opposition and a motion to amend the docketing statement. For the reasons discussed below, we hereby deny Defendant's motion to amend the docketing statement, and we affirm Defendants convictions.

**Motion to Amend Docketing Statement**

Defendant has moved to amend the docketing statement to add the issue of whether his trial counsel was ineffective for failing to obtain evidence in support of his defense and failure to properly impeach witnesses. [MIO 12] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

"To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation and citation omitted)).

In the current case, we conclude that Defendant's claim is not viable. With respect to the alleged failure to obtain evidence, this is a matter outside the record. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (stating that matters not of record cannot be reviewed on appeal). We also note that, as discussed below, even if counsel obtained the referenced text messages [MIO 3, 13], and they supported his imperfect self-defense claim, he was not prejudiced because the jury agreed with his defense and found him guilty of the lesser-offense of voluntary manslaughter. With respect to the examination of witnesses, we consider this a matter of strategy. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)).

**Sufficiency of the Evidence**

Defendant continues to argue that the district court erred in denying his motion for a directed verdict. [MIO 4] "The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to convict Defendant of voluntary manslaughter, the evidence had to show that Defendant killed Victim, that Defendant knew his acts created a strong probability of death or great bodily harm, and that he did not act in self-defense. [RP 110] Defendant concedes that there was no dispute that Defendant was responsible for Victim's death, but that he "disputed the degree of homicide." [MIO 3] The knowledge element was satisfied because Defendant deliberately fired a gun at Victim. [MIO 3] With respect to self-defense, there was no evidence that Victim was employing deadly force at the time of his death, and the jury essentially agreed with Defendant's imperfect self-defense claim.

4

In order to support the tampering conviction, the evidence had to show that Defendant threw the firearm with the intent to prevent his apprehension, prosecution or conviction. [RP 115] Our calendar notice presumed that the State presented evidence that Defendant discarded the firearm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the proceedings being reviewed). Defendant's memorandum confirms that there was testimony by an officer that Defendant threw away a gun. [MIO 6] It was for the jury to determine Defendant's intent, and it was reasonable for it to conclude that Defendant discarded the gun to prevent his apprehension, prosecution or conviction, and not for some unrelated reason. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820 (observing that a defendant's knowledge or intent generally presents a question of fact for a jury to decide).

We also affirm Defendant's conviction for felon in possession on the basis that he pled no contest to that charge. [RP 160]

**Immunity**

Defendant continues to claim that the district court should have overruled the prosecutor's objection to granting use immunity to his girlfriend, Anastacia "Stacy" Calvillo. [MIO 8] In considering this issue, the district court engages in a balancing test of the competing interests at stake, with the defendant having the initial burden

of establishing that the proffered testimony is, among other things, admissible. *State v. Belanger*, 2009-NMSC-025, ¶ 38, 146 N.M. 357, 210 P.3d 783. Here, the fact that Defendant shot Victim was not in dispute, and Ms. Calvillo's testimony was intended to corroborate Defendant's description of specific instances of prior misconduct that gave rise to Defendant's fear of Victim. [RP 65-66] However, "evidence of specific instances of a victim's prior violent conduct may not be admitted to show that the victim was the first aggressor when the defendant is claiming self-defense." *State v. Armendariz*, 2006-NMSC-036, ¶ 17, 140 N.M. 182, 141 P.3d 526.

Our calendar notice also observed that, to the extent that the first aggressor issue was not in dispute, Ms. Calvillo's testimony would only have been relevant to support Defendant's claim of imperfect self-defense, in that he used deadly force on Victim, even though he was not responding to direct aggression. In effect, the jury found in favor of Defendant on this self-defense claim, because it convicted him on the lesser-included offense of voluntary manslaughter. *See State v. Sosa*, 1997-NMSC-032, ¶ 32, 123 N.M. 564, 943 P.2d 1017 (stating that "voluntary manslaughter is the lowest degree of homicide that can be charged where there is imperfect self-defense"). As Defendant has stated, he did not dispute that he shot Victim, and the issue before the jury concerned the appropriate degree of homicide. [MIO 3] As such, our calendar notice proposed to hold that Defendant was not prejudiced by the

unavailability of Ms. Calvillo. *See State v. Fernandez*, 117 N.M. 673, 676, 875 P.2d 1104, 1107 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error.").

In his memorandum in opposition, Defendant argues, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that the need for immunity in this case outweighed the State's interest in prosecuting Calvillo. [MIO 11] We are not persuaded that our proposed disposition was incorrect.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**